## WILLIAM J. MAXWELL v. FRANK L. GREGORY.

FILED DECEMBER 9, 1897. No. 7620.

1. **Vendor and Vendee: FAILURE TO MAKE TITLE: REPAYMENT OF PURCHASE MONEY.** A party who, under the terms of an executory written contract, is conditionally entitled to receive a good title to real property, upon its being made certain that the other party cannot make such title, may recover such payments as he has meantime made pursuant to the terms of the contract to which he is a party.

2. ——: ——: ——: **EVIDENCE.** It is not competent for a defendant sought to be compelled to make restitution as above indicated, to show his own solvency, or that he has been empowered by virtue of negotiations with the holders of the outstanding title to make a good and sufficient warranty deed, no such ability or readiness having been averred in his answer.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J. *Affirmed.*

The facts are stated in the opinion.

*B. N. Robertson,* for plaintiff in error:

A court of equity will allow a reasonable time to perfect a title, and when valid, in the absence of fraud, will compel the vendee to accept it. (See *Frost v. Brunson,* 6 Yerg. [Tenn.], 35; *Bryant v. McCollum,* 4 Heisk. [Tenn.], 520; *Elliott v. Blair,* 5 Cold. [Tenn.], 193.)

Where the vendor is complainant it is not necessary for him to show that he was able to give a good title at the time of making the agreement to sell or at the time of the commencement of the suit. It will be sufficient if he can give a perfect title at the time of the decree. (*Coffin v. Cooper,* 14 Ves. [Eng.], 205; *Hepburn v. Auld,* 5 Cranch [U. S.], 262; *Brown v. Haff,* 5 Paige Ch. [N. Y.], 235; 28 Am. & Eng. Ency. Law, 74; *Jenkins v. Fahey,* 73 N. Y., 355.)

*Lake, Hamilton & Maxwell, contra:*

Under an agreement by the vendor of lands to execute a good and sufficient conveyance the purchaser may demand a clear title, as well as that it be assured to him by proper covenants. (*Davis v. Henderson,* 17 Wis., 108; *Taft v. Kessel,* 16 Wis., 291; *Davidson v. Van Pelt,* 15 Wis., 375; *Bateman v. Johnson,* 10 Wis., 1; *Falkner v. Guild,* 10 Wis., 563.)

A purchaser under an executory contract may recover the money paid without alleging or proving readiness to perform on his part, where the vendor is unable to perform. (*Clark v. Weis,* 87 Ill., 438; *Runkle v. Johnson,* 30 Ill., 328; *Miner v. Hilton,* 44 N. Y. Supp., 155; *Wright v. Dickinson,* 11 Am. St. Rep. [Mich.], 602; *Linton v. Allen,* 28 N. E. Rep. [Mass.], 780.)

RYAN, C.

Frank L. Gregory filed his petition in the district court of Douglas county alleging that William J. Maxwell, pretending and representing himself to be the owner in fee of lot 3, block 21, in West Omaha, had sold said lot to said plaintiff and had entered into a written agreement with said plaintiff evidencing such sale. By the terms of this agreement, pleaded in the petition, Maxwell agreed to sell to Gregory the whole of the lot above described for the consideration of $1,500, of which consideration $500 was to be paid at the date of the delivery of the contract, which was June 2, 1887, and the balance in three equal annual payments to be made June 1 of each of the years indicated. By this contract Gregory was required to pay and discharge all taxes and assessments imposed on said property from the date of said agreement, within three months from such times as the same should fall due. There was contained in this contract the following provisions: "Forthwith after second payment of said purchase money, taxes, and interest as aforesaid, time being of the essence of this contract, the party of the first part [Maxwell] agrees to execute, or cause to be executed, to the party of the second part a good and sufficient warranty deed for the said lot three, to be delivered on the surrender of the duplicate contract." The petition contained averments that, at the date of the contract, Gregory, relying upon the representations of Maxwell that he could and would make good title, had paid the sum of $500 as required, and in 1888 and 1889 had paid taxes and assessments to the amount of $30.47; that on August 10, 1893, he had tendered to Maxwell the sum of $1,599.52, the amount due under the contract, and requested that a deed be executed in accordance with the provisions of said contract whereby Maxwell had bound himself to make such conveyance. It was alleged that Maxwell had not made the conveyance demanded, and was unable to do so by reason

of the fact that he was the owner of but one-half of the lot bargained to be conveyed, as had been adjudicated by a court having jurisdiction of the subject-matter and of the parties, of whom said Maxwell was one. The prayer of the petition was for the recovery of the payments above described as actually having been made and received on the faith of the provisions of said contract, with seven per cent per annum interest thereon from the several dates when the said payments respectively had been made, and for the enforcement of a lien for said amount prayed, against the interest of Maxwell in the real property described in the contract between Maxwell and Gregory. In his answer Maxwell admitted the execution of the contract, but denied that he had made any false representations in respect thereto. He further averred that Gregory, at the time of the making of the written contract described in the petition, had full knowledge of the condition of the title of Maxwell and of the adverse claims of other parties to the lot which was the subject-matter of said contract and of the nature of such claim of adverse title as set forth in the pleadings and decree in Maxwell against Higgins et al., the case to which Gregory had referred in his petition. It was further answered that more than four years had elapsed before this action was begun and that, therefore, the statute of limitations had fully barred it. In the answer it was also alleged that, notwithstanding the duty of Gregory under the provisions of said contract to pay taxes and assessments, he had failed to make such payments, to which failure was attributable the sale of said lot for taxes and in pursuance of such sale the issuance of a tax deed which remains outstanding. There was also a denial of each averment of the petition which had not been admitted in an earlier part of said answer. A reply in denial of each averment in the answer completed the issues upon which a trial was had to the court. There was a judgment as prayed by Gregory, for the reversal of which Maxwell prosecutes these proceedings in error.

In effect, this action was one brought by Gregory for the recovery of money which he had paid on an executory contract which Maxwell, the other party thereto, was unable to carry out. Under these circumstances Gregory was justified in rescinding, and upon such rescission was entitled to recover what he had been compelled to pay in performance of the conditions which by the terms of said contract had been imposed upon him and by the default of the other party had been rendered unavailing, with interest. (*Clark v. Weis*, 87 Ill., 438; *Miner v. Hilton*, 44 N. Y. Supp., 155; *Wright v. Dickinson*, 67 Mich., 580; *Linton v. Allen*, 154 Mass., 432.) On the trial there was an offer to show that Maxwell was able to obtain credit for the sum at least of $10,000. We cannot conceive how this fact, if established or conceded, impaired the right of Gregory to a return of his money with seven per cent interest thereon. It was also attempted to be shown that Maxwell had negotiated with the parties who had prevailed against him with reference to the undivided one-half of the lot he had agreed to sell to Gregory. Following this offer the following question was propounded to Maxwell: "You may state now whether or not these negotiations have given you full power to execute a warranty deed to this lot three to plaintiff." This was answered in the affirmative, but on motion the answer was stricken out. By this ruling the court gave it to be understood that in the decision of the case presented no consideration would be given to the fact that, by virtue of negotiations between Maxwell and the holders of the outstanding title adverse to his claim of title, Maxwell had been given power to execute a warranty deed to Gregory. In this view the court was right. No offer to convey had been made in the answer, neither had there been an averment of a willingness to make a conveyance. The question and its answer did not imply that Maxwell had obtained the outstanding title and was therefore prepared to perform. They elicited merely the

fact that Maxwell's late adversaries had given him power to make a warranty deed to Gregory. If by this it was meant that Maxwell, as the agent of these parties, or as their attorney in fact, had power to execute the deed in question, this would not meet the requirements of the contract with Gregory. The question simply called for Maxwell's conclusion as to whether the negotiations conferred power upon him to execute a warranty deed, and hence the answer elicited no material fact. By these considerations we are led to the conclusion that the court properly refused to consider this question and answer.

It is urged that Gregory acquiesced in the delay necessary to settle the litigation between Maxwell and Higgins. An examination of the evidence discloses the facts that he was ready to perform at any time, and repeatedly signified this willingness to Maxwell and Maxwell's agent in this matter, but was put off from time to time by one excuse and another until the final adjudication was had in the case of Maxwell against Higgins. The plaintiff in error cannot be heard to found objections upon this forbearance for his own benefit and at his own instance.

There was no attempt whatever to show the existence of any tax deed, so that we are not called upon to discuss questions which the existence of such a title under the circumstances pleaded in the answer might have raised. The judgment of the district court is

AFFIRMED.