WILLIAM F. JUSTICE, APPELLEE, V. ALBERT L. BUTTON ET AL., APPELLANTS.

FILED MAY 23, 1911.   No. 16,448.

1. **Vendor and Purchaser: CONTRACT: TITLE.** Ordinarily there is an implied agreement on the part of the vendor in every contract for the sale of land that he will transfer a good title to the vendee, unless the contract relieves the vendor of that obligation.

2. ———: ———: ———. A good title is one that can be sold to a reasonably prudent man who might desire the property, or a title that can be mortgaged to a person of reasonable prudence as security for the loan of money.

3. ———: ———: DEFECTIVE TITLE. Unreleased and unsatisfied trust deeds executed to secure the payment of a debt constitute such a defect in the title that a vendee will be excused from accepting it, although upon the face of the record the statute of limitations may have barred the creditor or the trustee from foreclosing the deed or from selling the land thereunder.

4. ———: DEFECTIVE TITLE: RECOVERY OF PRICE. A purchaser of land, so long as the contract remains executory, may as a general rule recover back the purchase money he has paid thereon, if the vendor's title be not such as the purchaser is under the contract entitled to demand.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Reversed.*

*Flansburg & Williams,* for appellants.

*John M. Stewart, R. M. Proudfit* and *D. H. McClenahan, contra.*

ROOT, J.

In January, 1908, the defendant Button Land Company, by a written contract with the plaintiff, agreed to sell him a tract of land in Colorado and received $300 upon the purchase price. At that time the defendant did not own the land, but this fact was known to the plaintiff. Shortly thereafter the defendant orally agreed to furnish the plaintiff an abstract of title. Both parties treat this agreement as supported by the consideration which sustains the written contract, and we shall so consider it. The deal was to be closed on or before March 5, 1908, but the defendant could not perform on that day. On the 12th of March the plaintiff wrote and sent to the defendant a letter to the effect that, since it was some time past the date when the abstract was to be furnished and no word had been received with regard thereto, if the check for $300 were returned the plaintiff would call the deal off. Subsequently the defendant furnished the plaintiff an abstract of title, and offered him a deed for the land, but signed by a third person. The plaintiff objected that the title was not good, and that the time had long since expired within which the contract should have been performed. Subsequently the plaintiff brought this action to recover the $300. The defendant tendered the abstract and the deed in court, and asked that the plaintiff be required to specifically perform his contract. The case was tried as an action in equity, and both litigants were dismissed from court. The plaintiff appeals, and the defendant has filed a cross-appeal.

It is conceded that two trust deeds conveying this property to a trustee to secure the payment of an indebtedness were executed in 1889, and that they have not been released. The defendant, however, argues that, since a tax deed was subsequently issued for this land, and the affidavits attached to the abstract prove that the parties under whom he claims title have held possession by virtue of that deed for more than seven years preceding the

tender, and because the creditors are not within the exceptions in the Colorado statute of limitations, the deeds are not an incumbrance upon the land. The Colorado statute is neither pleaded nor proved; but, assuming that it is as contended for by the defendant, neither creditor makes a statement that the debt has been paid, and they would not be bound by an affidavit sworn to by the owner of the land. *Peckham v. Stewart,* 97 Cal. 147. The defendant did not in terms agree to furnish a marketable title, but that agreement is ordinarily implied in every real estate contract that does not fairly negative that obligation. That is, to furnish a title upon the security of which the vendee could procure a loan from a reasonably prudent man, or that would be taken by a reasonably prudent purchaser, should the vendee desire to sell. *Moore v. Williams,* 115 N. Y. 586; *Meyer v. Madreperla,* 68 N. J. Law, 258; *Durham v. Hadley,* 47 Kan. 73; *Fagan v. Hook,* 134 Ia. 381. The statute of limitations does not operate so successfully to cut off mortgage liens as it does to extinguish a legal title. In Nebraska, ten years continuous, hostile, adverse possession, under a claim of right, will create in the occupant a title which the courts will quiet against the holder of the legal title of record unless he is within some statutory exception; but as against the mortgagee the courts have been exceedingly tender, and ordinarily require payment of the debt as a condition to relief, without regard to the time the debt has remained unpaid. *Henry v. Henry,* 73 Neb. 752; 3 Pomeroy, Equity Jurisprudence (3d ed.) secs. 1219, 1221; *Farmers Loan & Trust Co. v. Denver, L. & G. R. Co.,* 60 C. C. A. 588.

The plaintiff was justified in refusing to accept the deed, and the defendant is not in position to demand a performance of the contract. The plaintiff was therefore entitled to recover the purchase money. *Maxwell v. Gregory,* 53 Neb. 5. The provision in the contract for a forfeiture of the payments if the contract is not completed cannot be invoked by a vendor who is unable to perform for want of sufficient title. *Platte Land Co. v. Hubbard,* 12

27

Colo. App. 465; *Lewis v. White,* 16 Ohio St. 444. We do not think the record discloses that the plaintiff has, in any important particular, changed his position since this suit was commenced, but that while he may have placed more emphasis upon the defendant's failure to perform upon the law day than any other fact, he also objected to the title because of the trust deeds. The court therefore erred in dismissing the plaintiff's petition, but it was right in denyng the defendant any relief.

The judgment of the district court therefore is reversed and the cause is remanded for further proceedings.

REVERSED.