Edmund v. Boring.

---

# CONTRACTS

[Licking (5th) Court of Appeals, October Term, 1918.]

Shields, Houck and Powell, JJ.

## H. H. EDMUND v. MARY J. BORING ET AL.

1. **Agreement to Deliver a Warranty Deed Held not Covenant Against Incumbrances.**

   When a contract for the sale of real estate binds the owner to make and deliver a warranty deed on a certain date, but contains no mention of a covenant against liens and incumbrances, the purchaser must be held to have agreed to take the land subject to such liens and incumbrances as were in existence at the time the contract of sale was executed; accordingly, the seller is entitled to receive the full amount named in the agreement without deduction for liens and incumbrances.

2. **Protection of One Holding an Inchoate Contingent Right of Dower Enforceable.**

   When it appears that the husband of the owner of lands sold on contract to deliver warranty deed did not sign the agreement to sell and in no way bound himself by the terms of the agreement, the land will be ordered transferred subject to his inchoate contingent right of dower.

*Fitzgibbon, Montgomery & Black,* and *W. A. Hite,* for plaintiff.

*B. G. Smythe* and *L. G. Russel,* for defendant.

## POWELL, J.

This was an action commenced in the court of common pleas

by the plaintiff to enforce specific performance of a contract for the sale of real estate, entered into by him and the defendant, Mary J. Boring, on July 5, 1917. Said contract is as follows:

"Article of agreement by and between Mary J. Boring, of Thornville, Ohio, party of the first part, and H. H. Edmund, of Thornville, Ohio, party of the second part, Witnesseth:

"Mary J. Boring, this day sells her farm in Bowling Green township, Licking county, Ohio, consisting of one hundred and eight acres, more or less, to H. H. Edmund for the sum of $7,500, and agrees to make and deliver a warranty deed on September 15, 1917, and she further agrees to take the same care of the farm and buildings as she has in the past. The said Mary J. Boring hereby acknowledges the receipt of $300 as advance pay on the $7,500 purchase money, leaving a balance of $7,200, which H. H. Edmund agrees to pay in cash on September 15, 1917, when deed is delivered.

> (Signed): "Mary J. Boring,
> (Signed): "H. H. Edmund."

An answer was filed by the defendant, Mary J. Boring; also an answer and cross-petition by the Peoples Bank of Thornville, setting up a mortgage lien against the premises for which contract of sale had been made.

The plaintiff filed a reply to the answer of the said Mary J. Boring, denying all the allegations of said answer inconsistent with the averments of the petition.

The petition, in addition to setting out the facts relative to the contract of sale, recites the mortgage of the Peoples Bank and that the defendant, the Columbus Natural Gas Company, was the owner of liens or encumbrances against the farm agreed to be sold by said defendant, Mary J. Boring.

It will be noted that in the contract of sale, while Mary J. Boring agrees to make and deliver a waranty deed on September 15, 1917, it does not contain any agreement on her part for covenant against liens and encumbrances, and the question is made as to whether or not the liens and encumbrances against the farm were to be paid out of the purchase price to be received by the said Boring, or whether plaintiff bought the farm subject to such liens.

This court is of the opinion that, by a proper construction

Edmund v. Boring.

of the articles of agreement or sale, the said plaintiff, Edmund will be held to have purchased said land subject to any liens or encumbrances then standing against it, as no provision is made therein that the farm should be conveyed to him clear and free of encumbrance or lien.

The husband of the defendant, Mary J. Boring, did not sign the article of agreement and nowhere bound himself to release his contingent inchoate right of dower in the land sold. It is conceded, however, that his rights in said land are such that, while not an encumbrance, but an interest in the land that may never accrue, the plaintiff, Edmund, should be required to take the land subject to such right of dower; but no question is made in the pleadings or evidence as to this.

The court of common pleas entered a decree for specific performance, but required the defendant, Mary J. Boring, to pay the amount of the mortgage lien against the land. This court is of opinion otherwise; that there being no covenants other than a covenant of warranty, which has been held to be a warranty of title only, plaintiff is not entitled to have the amount of the mortgage lien due the bank paid out of the purchase money before paying to the said Mary J. Boring the amount of the balance agreed to be paid to her, namely: the sum of seventy-two hundred dollars.

We hold that while the plaintiff is entitled to a decree for specific performance, such decree should be entered subject to the contingent right of dower of Allen Boring, husband of said Mary J. Boring, in said lands. Such decree will also be entered awarding said lands subject to the payment of any mortgage lien thereon at the time said contract was made, as well as any other claim or lien that may have been against said lands when said contract was entered into.

A warranty of title can not be enforced, unless the plaintiff is evicted from the lands by reason of a superior or paramount title, or something equivalent thereto.

The court of common pleas was without authority to order the amount of the mortgage lien to be paid out of the purchase money still due the said Mary J. Boring.

The decree of this court will be a decree for specific per-

Stark County Appeals.

formance of the contract on payment by plaintiff of the agreed purchase price, subject, however, to the payment by the plaintiff of any liens or encumbrances existing against said land at the time said contract was made, or was to have been carried into effect, namely: September 15, 1917.

A motion for new trial, if one is filed, will be overruled.

HOUCK, J., concurs.

SHIELDS, J., dissents.