No. 356
McCARTHY v. LINGHAM
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4730. Decided Feb. 16, 1924
Chittenden, Kinkade and Richards, JJ., sitting

1229. VENDOR AND PURCHASER—Option in lease giving lessee right to purchase at price stated creates obligation to convey free and clear from inchoate dower right.

1167. TENDER—Failure to allege tender in petition cured by allegation of omission in answer and denial in reply—Refusal of one party to perform excuses tender by opposite party.

RICHARDS, J.                   Epitomized Opinion
       Published Only in Ohio Law Abstract

Original action for damages in the Common Pleas wherein L. C. Lingham was plaintiff and Josephine McCarthy was defendant. McCarthy leased premises to Lingham for three years with the option that Lingham might purchase the premises at any time during the term of the lease for the shm of $7,500 cash. Lingham took possession and during the term notified McCarty that he would purchase at

## STATE COURT OF APPEALS—Continued

$7,500 cash. McCarty offered to execute a deed without the signature of her husband releasing his inchoate right of dower. Lingham refused to accept this offer. Later, McCarty and her husband sold the premises at a much greater price than $7,500.

In this action Lingham obtained judgment for $3,500. McCarty prosecuted error, contending that the petition was fatally defective because it failed to allege a tender of $7,500, and that McCarty's obligation was to convey only title and not first to free the premises from encumbrances. In support of the latter proposition McCarty cited Edmund v. Boring, 30 O. C. A. 238; 450 C. C. 659. The Court of Appeals held:

1. The defect in the petition caused by the omission to allege a tender was cured by the fact that the lack of a tender was set forth in the answer and was denied in the reply. 102 OS. 45.

2. The evidence shows that Lingham was ready and willing to perform and that McCarty was unwilling to perform except by quit claim deed not signed by her husband. Under these circumstances a tender by Lingham was futile and unnecessary.

3. This court holds that McCarty's obligation was to transfer title free and clear of her husband's inchoate right of dower. Since this decision is in conflict with Edmund v. Boring (supra) the record will be certified to the Supreme Court for determination. Judgment affirmed.

Attorneys—Wilkin, Cross & Daoust, for McCarty; Bulkley, Hauxhurst, Jamison & Sharp, for Lingham, all of Cleveland.