Marshall, C. J.
 

 We have before us the opinions of the Courts of Appeals on the first and second review, and, upon examination of the
 
 per curiam
 
 opinion of the Court of Appeals of the Eighth district upon the first review, it clearly appears that the court decided that the petition contained a good cause of action, and that the purchase clause in the lease implied that Mrs. McCarty should convey a merchantable title, free from incumbrance, with a release of inchoate dower of her husband, and that the sum of $7,500' should be payment in full for such title. Upon the remand, the trial court in entering judgment rendered a short opinion, which was not incorporated into the judgment entry, in which it clearly appears that it followed the instructions of the Court of Appeals without the slightest deviation therefrom. The trial court having followed the instructions of the Court of Appeals on the first review, the Court of Appeals on the second review was limited to a consideration of, legal questions not covered by the mandate of the former review. The doctrine of “the law of the case” clearly applies to this situation.
 

 
 *555
 
 That doctrine has received ftdl consideration in another case decided by this court this day, entitled
 
 Gohman
 
 v.
 
 City of St. Bernard, post,
 
 726, 146 N. E., 291. That case differs from this only in the fact that the trial court after the first review did not faithfully follow the principles declared by the reviewing court. This case therefore presents a situation where the principle may be clearly and unequivocally applied.
 

 Having found that the appellate court upon the first review laid down the principles which should govern a trial of the case, and that the trial court faithfully followed the mandate of the reviewing court, and no other elements having been brought before this court, it follows that the judgment of the appellate court on the second review, affirming the judgment of the court of common pleas, must be affirmed by this court. Ordinarily, it would not be necessary to give further consideration to the legal principles involved. The Court of Appeals has, however, under authority of Section 6, Article TV, of the Ohio Constitution, certified this case to this court for review and final determination. It is therefore obligatory upon this court to consider the legal principles involved, and to determine which of the conflicting decisions of the Courts of Appeals correctly states the law.
 

 The Court of Appeals very properly certified the cause to this court, because there is a clear conflict between its decision and the decision of the Court of Appeals of the Fifth appellate district, in the case of
 
 Edmund
 
 v.
 
 Boring,
 
 30 O. C. A., 238. That court held that, where a contract for the sale of real estate is signed by the owner, a wife, but
 
 *556
 
 the husband does not join in the contract, and the contract contains no mention of a covenant against liens and incumbrances, the purchaser will be held to have agreed to take the land subject to such liens and incumbrances as existed at the time the contract was executed, and the seller will be entitled to receive the full amount named in the agreement without deductions for liens and incumbrances, and without abatement for the value of the inchoate contingent right of dower of the husband. It only remains to determine which decision correctly states the law.
 

 .It is not questioned that Mrs. McCarty executed the contract and that she had the capacity to do so, and no question is made of the measure of damages applied by the trial court. If there was a breach of the contract, it necessarily follows that Lingham is entitled to recover such damages as flowed from the breach. If Mrs. McCarty was only bound to deliver a deed subject to liens and incumbrances, and was not bound to obtain a release of the inchoate dower interest of her husband, and if she was nevertheless entitled to receive the full purchase price of $7,500 for such a deed, then by reason of her tender of such a deed there would be no breach. If, on the other hand, Lingham was entitled to have a marketable title upon payment of $7,500, the contract has clearly been breached. The case of
 
 Peoples’ Sav. Bank
 
 v.
 
 Parisette,
 
 68 Ohio St., 450, 67 N. E., 896, 96 Am. St. Rep., 672, has been cited and quoted, but it throws no light whatever upon this controversy, because the court in that case only decided that there could not be specific' performance ordered against a husband
 
 *557
 
 who had not signed the contract of sale and who had not agreed to release his inchoate dower. .The court in that case did not decide that an action for damages would not lie. The controversy therefore turns upon a construction of the paragraph in the lease whereby an option was given. That paragraph does not contain any provision for a warranty deed, nor a release of inchoate dower, nor any agreement to discharge the premises from liens and incumbrances. If any of those provisions are to become a part of the contract they must become such by implication.
 

 Many cases have been cited to aid in the construction of a contract of sale, where,’ as in this contract, the kind of title to be conveyed is left to implication. "We will not attempt to analyze or quote these cases. They are not in entire harmony, but the great weight of authority supports the claim of the purchaser that where a sale of real estate is made in general terms, without any stipulation as to the character of title which the purchaser is to get, he is entitled to demand that a marketable title shall be given.
 
 Justice
 
 v.
 
 Button, 89
 
 Neb., 367, 131 N. W., 736, 38 L. R. A., (N. S.), 1;
 
 McCord
 
 v.
 
 Massey,
 
 155 Ill., 123, 39 N. E., 592;
 
 Goddin
 
 v.
 
 Vaughn’s Ex’r.,
 
 55 Va., (14 Grat.), 102;
 
 Keim
 
 v.
 
 Lindley,
 
 (N. J. Ch.), 30 A., 1063;
 
 Goodlett
 
 v.
 
 Hansell,
 
 66 Ala., 151.
 

 As to what constitutes a marketable title no hard and fast rule can be declared to govern every state of facts which might be presented in the numerous controversies which are likely to arise 'where such a title is implied in a sale contract drawn in general terms, and each case is therefore
 
 *558
 

 sm generis.
 
 Some attorneys are more technical than others in advising their clients upon the defects of greater or less importance to be found in an abstract of title, and some purchasers are more timid than others, and the court can therefore do nothing more than establish a very general rule. As a result of the numerous expressions of the courts on this subject, it may be conservatively stated that a marketable title is one which imports such ownership as insures to the owner the peaceable enjoyment and control of the land, as against all others. It has also been defined as one which is sufficient to support or defend an action of ejectment. It should show a full and perfect right of possession in the vendor. It should appear reasonably certain that the title will not be called in question in the future, so as to subject the purchaser to the hazard of litigation with reference thereto. It must in any event embrace the entire estate or interest sold, and that free from' the lien of all burdens, charges, or incumbrances which present doubtful questions of law or fact. The defects complained of in the instant case consist of a mortgage of $2,600 and the inchoate dower interest of the husband, and we have no difficulty in reaching the conclusion that these are such as to render this title unmarketable. As authorities on the subject of the characteristics of a marketable title, we cite
 
 Justice
 
 v.
 
 Button,
 
 89 Neb., 367, 131 N. W., 736, 38 L. R. A. (N. S.), 1; and
 
 Goodlett
 
 v.
 
 Hansell, 66
 
 Ala., 151.
 

 Many cases could be cited to show that an action for damages can be maintained, even though specific performance would not be decreed. In
 
 *559
 
 support of this principle we only cite the case of
 
 Riesz’s Appeal,
 
 73 Pa., 485. This case is cited because it has been cited with approval in the case of
 
 Savings Bank
 
 v.
 
 Parisette, supra.
 

 It is contended that there can be no recovery in this case, because no tender was made by the purchaser. An examination of this record discloses that no tender was necessary, because there was an anticipatory breach. It therefore comes clearly within the rule of
 
 Geo. Wiedemann Brewing Co.
 
 v.
 
 Maxwell,
 
 78 Ohio St., 54, 84 N. E., 595. It is further contended that the purchaser has not shown that he was ready, able, and willing to purchase. An examination of the record discloses that the trial judge had abundant evidence upon which this element of the case could be predicated.
 

 The petition alleges connivance and fraud between the wife and her husband, whereby the husband was induced to refuse to release the contingent dower and thereby defeat the consummation of the conveyance. The answer joins issue on this allegation.
 

 Evidence was received upon this issue, but the opinion of the trial judge does not deal with this feature. It will not therefore be assumed that it entered into his deliberations.
 

 In the case of
 
 People’s Sav. Bank
 
 v.
 
 Parisette, supra,
 
 it was decided that specific performance would not be decreed against the husband in the absence of fraud and connivance. It was not affirmatively declared that if connivance had been an element relief would have been granted. The instant case not seeking specific performance, we have not considered that issue, being of the opinion
 
 *560
 
 that it does not affect an action for damages either way.
 

 We have therefore reached the conclusion that the decision of the Court of Appeals of the Fifth district, in
 
 Edmund
 
 v.
 
 Boring, supra,
 
 is unsound, and that the declarations of the Courts of Appeals of the Sixth and Eighth districts, which are in perfect harmony with- each other, declare the true rule.
 

 It being established that the contract in this instance was a fair one, that the parties were competent to make it, and that the price named in the purchase clause was $7,500, and there being evidence to the effect that the property advanced in value after the execution of the lease, and the court having found that the fair market value in 1920 was $11,000, the judgment rendered in the sum of $3,500 was a logical deduction from that evidence.
 

 Judgment affirmed.
 

 Robinson, Jones, Matthias, Day, Aneen, and Conn, JJ., concur.