scope of the law. The court did not err in refusing the charge.

We find no error in the record, and the judgment is affirmed.

*Judgment affirmed.*

MILLS and CUSHING, JJ., concur.

Judges of the First Appellate District, sitting in place of Judges LEVINE, VICKERY and SULLIVAN, of the Eighth Appellate District.

WILLS *v.* FINESILVER ET AL.

(Decided June 27, 1927.)

*Mr. T. R. Baylor* and *Mr. A. H. Martin,* for plaintiff in error.

*Mr. H. T. Marshall* and *Mr. A. A. Miller,* for defendants in error.

VICKERY, J.   This cause comes into this court on a petition in error to the common pleas court of Cuyahoga county.

In the court below the defendants in error were plaintiffs and brought an action to recover damages for an alleged breach of contract in the sale and conveyance of real property, and recovered a judgment for $1,400.   A motion for a new trial was made and overruled and judgment entered upon the verdict, and error is prosecuted to this court to reverse that judgment.

From the record and briefs we learn that the Realty Housing & Investment Company, a corporation, owned a certain brick apartment building at 2288 East Seventy-First street, city of Cleveland, and the defendants in error offered to purchase this property, describing it particularly, upon terms set forth fully and completely in articles of writing. The effect was that the owner of this property was to transfer it upon certain things being done by Finesilver, who made the offer.   I say this offer in writing was complete, so that the court would have no hesitancy and no difficulty in enforcing a specific performance of this contract.

This proposition that was thus written by Finesilver was accepted by J. Walter Wills, without designating in what capacity he signed.   There is no doubt from this record but that the property in question belonged to the corporation, and that J.

Walter Wills was the president of the corporation, and Welcome T. Blue was the secretary. This contract was made for and on behalf of the corporation.

Within the time specified in the writing, a deed was made and a mortgage drawn in accordance with the terms of the Finesilver offer and placed in escrow, but prior to that time Finesilver had refused to go forward with the deal, for the reason, as he alleged, that the building on the land projected over on to some other property. So far as we learn from the record this was a mere rumor and may or may not have been true. However that may be, Finesilver refused to go forward with the proposition and brought an action to recover the $500 which he had paid, to apply upon the purchase price, and a further sum of $2,000 for damages, because he alleges the difference between what he agreed to pay for this land and the market value of the land was $2,000.

At the trial of the action a judgment was rendered in favor of Finesilver and others, the plaintiffs below, for the sum of $1,400.

It will be noted that the suit was planted against J. Walter Wills, an individual. Now J. Walter Wills did not own this property, but his company owned it, and he signed the writing undoubtedly as the agent of the company, and, undoubtedly, if a suit had been brought by Finesilver to enforce specific performance of this contract, he could have enforced it and proven that the memorandum was signed by Wills as the agent for the company. Wills had no property of this description, nor did he make a contract and intend to bind himself personally so far as we can find from the record.

However that might be, before the time came to

carry this writing into execution Finesilver withdrew from the deal and refused to go forward with it. The owner of the property, the investment company, made a deed in pursuance with the offer of Finesilver and made a mortgage to conform to the offer of Finesilver, which was executed by Wills on behalf of the corporation, and it made no difference whether Wills owned the property or not. The land that had been purchased was offered for transfer by the party who owned it at the time and in the manner that the contract provided for.

Why was this contract not completed, and upon what theory was the plaintiff below allowed to recover? It seems that it came to his knowledge that a portion of this building projected over on the land of another, and he says that was the reason why he refused to go forward with his contract. There is nothing in the record to the effect that if this were so the investment company did not stand ready and willing to make good all the title, even that portion on which the building projected, by purchase or otherwise. Notwithstanding this, Finesilver refused to go forward and brought the action as aforesaid.

The errors complained of are that the suit is brought against the wrong person, and that the measure of damages adopted by the court was entirely wrong.

It must be remembered that if this contract had been completed and Finesilver had been compelled to pay any money to quiet the title, then that portion of the property over which the building projected — the amount of damages for it — would have been easily ascertainable, and Finesilver undoubt-

edly would have recovered that sum of money as damages from the owner of the property, but he did not take possession and refused to go forward, claiming the right to recover the difference between the contract price and the market value of the property, and there is nothing in the record to show how much this property was deteriorated by reason of this projection, or how much it would cost to make it right, and, so far as the record shows, a claim may never have been made against the owner of the apartment house. The court, however, adopted the rule of damages of the difference between the market price and the agreed price, and took the view that, because there was a so-called defect in title, Finesilver might repudiate the contract and recover damages for the breach.

We do not so understand the law. There is a case in Ohio which seems to indicate this, but on an analysis of that case we find the facts are entirely different. The case of *McCarty* v. *Lingham,* 111 Ohio St., 551, 146 N. E., 64, upon which reliance is placed, is not at all like the instant case. In that case there was a woman who owned a piece of property, which was described in the memorandum of sale, but which memorandum was without stipulation as to the character of title which the purchaser was to get. Her husband, who had a dower interest, did not join in the contract, and so when a deed was made the husband refused to sign the deed, and the question was whether the purchaser was compelled to take that title. The court held that he was not. In that event he could sue for damages for breach of contract, and the measure of damages would be the difference between the contract price and the market value of the

property, which is entirely unlike the instant case. There the property could not be conveyed without having an underlying estate in dower to the husband, and a man would not be compelled to take an estate subject to such dower interest. Perhaps in that case there would be no other way of getting at the measure of damages, because he could not get the dower released in any way; he could not remove the cloud from the title without their consent.

In the instant case it would have been perfectly feasible for the plaintiffs below to have purchased this property, and, if it had cost defendant anything to remove this claim, if there were one, or if plaintiffs had been evicted from that portion of it, the measure of damages would have been easily ascertained and could have been recovered; or the vendor of the property, the owner, could have cleared this up, and there is nothing in this record to show, as a matter of fact, that there ever was any cloud upon this property, and so when the plaintiffs below refused to go forward it is a little difficult to understand how they could recover for a breach of contract. They did not perform their contract; in fact they refused to go forward, which would have obviated the necessity of the other party making a tender of a deed and having the mortgage ready to be redelivered. But notwithstanding the refusal of the plaintiffs below to go forward with the contract, the defendants did, as the record shows, prepare a deed and make a tender. The deed was offered by the owner of the property, and undoubtedly, under the terms of the contract, the title had to be good before plaintiffs could be compelled to take the property. This would have been shown in the escrow.

We do not think that the court adopted the right rule of damages. We do not think the evidence in this case warranted the verdict of the jury for the amount that it gave. Perhaps, under the circumstances, Finesilver was entitled to recover his $500 back, although the record shows that that sum was paid by Wills into the company, and was appropriated by the company; but, inasmuch as it is claimed there was a defect in title, the plaintiffs might have been justified in refusing to go forward, and thus recover their $500, but under the statement and record in this case they were not entitled to recover any more.

We therefore think that this judgment must be modified so that all the damages over the $500 will be remitted. The judgment will therefore be affirmed, with the modification that it be decreased to $500, and affirmed for that much.

*Judgment modified and affirmed.*

SULLIVAN, P. J., and LEVINE, J., concur.