DECISION AND JOURNAL ENTRY
{¶ 1} Appellant/Cross-Appellee, the Estate of Barbara Desantis, appeals from the judgment of the Lorain County Court of Common Pleas, granting a motion to enforce a settlement agreement. This Court affirms.
 I. {¶ 2} Appellant and Appellees/Cross-Appellants, Buonaventura and Deborah Lenoci, entered into a real estate purchase agreement on August 13, 2002. A dispute then arose between the parties regarding the requirements of the contract. As a result, the sale did not take place and Appellant filed suit. In its complaint, Appellant sought specific performance of the contract. Appellant sought, in the alternative, damages for breach of contract, fraud, and negligent misrepresentation.
 {¶ 3} Appellees answered the complaint, asserting that the parties had never reached a complete agreement. Shortly thereafter, Appellees moved for summary judgment on the basis that no contract existed between the parties. The trial court granted Appellees' motion with respect to Appellant's fraud claim and denied the motion in all other respects. Following that denial, the parties entered into a settlement agreement. The agreement reduced the purchase price of the property, changed the title company, and altered several of the deadlines contained in the original purchase agreement.
 {¶ 4} Appellant then sought a commitment for title insurance from the newly-named title company, French Creek Title Company. Upon completing a title search, French Creek returned a commitment with numerous exceptions. These exceptions included personal property liens, a federal tax lien, and four U.C.C. financing statements. French Creek amended the commitment to remove the personal property liens, but each of the other exceptions remained. On July 30, 2004, Appellees informed Appellant that they would not close on the property if the exceptions remained in the commitment. Pursuant to their agreements, Appellant was given thirty days to cure the defects in the title insurance.
 {¶ 5} Unable to cure the defects through French Creek, Appellant sought a commitment from Land America Lawyers Title. Land America first indicated that the U.C.C. financing statements would have to be terminated before it could provide title insurance. On August 30, 2004, Land America provided an amended commitment which listed the U.C.C. financing statements as exceptions to their title insurance. On September 1, 2004, Land America delivered an endorsement to the policy, insuring the Appellees that the financing statements would only affect the leasehold estate and fixtures owned by the tenant. That same day, Appellees provided a notice of termination of the purchase agreement, stating that Appellant had not provided clear title to the property.
 {¶ 6} Appellees then filed a motion to enforce the settlement agreement, demanding the return of the money they had placed in escrow. Following an evidentiary hearing, the trial court granted Appellees motion, finding that Appellant had failed to cure the defects in the title as required by the parties' agreement. Appellant timely appealed the trial court's judgment, raising three assignments of error for our review. Appellees cross-appealed, raising one assignment of error.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED BY GRANTING THE MOTION, AS APPELLANT PROVIDED A TITLE INSURANCE COMMITMENT FREE OF DEFECTS FOR ALL OF THE PROPERTY TO BE SOLD TO APPELLEES UNDER THE PURCHASE AGREEMENT AND THE SETTLEMENT AGREEMENT."
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED BY GRANTING THE MOTION, AS APPELLANT TIMELY PROVIDED A TITLE INSURANCE POLICY COMMITMENT FREE OF DEFECTS."
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED BY GRANTING THE MOTION, AS APPELLEES WAIVED THEIR RIGHT TO ASSERT THAT APPELLANT FAILED TO TIMELY PROVIDE THE REQUIRED TITLE INSURANCE COMMITMENT UNDER THE SETTLEMENT AGREEMENT."
 {¶ 7} In each of its assignments of error, Appellant argues that the trial court erred in holding that it had not complied with the purchase agreement. We disagree.
 {¶ 8} The trial court's decision to grant a motion to enforce a settlement agreement is a question of law. Continental W. CondominiumUnit Owners Assn. v. Howard E. Ferguson, Inc. (1996), 74 Ohio St.3d 501,502. We, therefore, review the trial court's decision de novo. CantonFinancial v. Pritt, 9th Dist. No. 01CA0048, 2002-Ohio-2645, at ¶ 7.
 {¶ 9} The parties' sole dispute on appeal requires this Court to determine whether Appellant complied with the settlement agreement and purchase agreement. With respect to the title requirements, the purchase agreement provided as follows:
"SELLER shall convey a marketable title to BUYER by general warranty deed and/or fiduciary deed, if required, with dower rights released, free and clear of all liens and encumbrances whatsoever, except a) any mortgage assumed by BUYER, b) such restrictions, conditions, easements (however created) and encroachments as do not materially adversely affect the use or value of the property, c) zoning ordinances, if any, and d) taxes and assessments, both general and special, not yet due and payable."
The "title need not be free of any possible claim of defect in order to be marketable, but it must be in a condition as would satisfy a buyer of ordinary prudence." G/GM Real Estate Corp. v. Susse Chalet Motor Lodge ofOhio, Inc. (1991), 61 Ohio St.3d 375, paragraph two of the syllabus. However, "[i]t should appear reasonably certain that the title will not be called in question in the future, so as to subject the purchaser to the hazard of litigation with reference thereto." McCarty v. Lingham
(1924), 111 Ohio St. 551, 558.
 {¶ 10} While the parties dispute the impact of the particular title company used, the effect of the title commitments issued, and the timing of the issuance of those commitments, this matter is properly resolved by the plain language of the parties' agreement. Courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement. Kelly v. Med. Life Ins. Co. (1987),31 Ohio St.3d 130, paragraph one of the syllabus. When the terms in a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties. Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, 246.
 {¶ 11} In their contract, the parties provided that "SELLER shall have thirty (30) days after notice to remove title defects." The parties did not provide that title insurance was an appropriate remedy for curing the alleged title defects. Rather, the contract between the parties utilizes the term "remove." Accordingly, the sole remedy provided in the contract was limited to removing the title defect. If the parties had chosen to permit title insurance to remedy any title defects, they could have provided for such a remedy. For example, the agreement could have read as follows:
"Seller shall have a reasonable amount of time, not to exceed thirty (30) days after written notice thereof, within which to remedy or remove any such defect, lien, encumbrance, easement, condition, restriction or encroachment, or obtain title insurance against the same[.]" (Emphasis added.) Saraf v. Maronda Homes, Inc. of Ohio, 10th Dist. No. 02AP-461, 2002-Ohio-6741, at ¶ 30.
The parties, however, chose the removal of defects as the sole remedy. A restriction such as that comports with the underlying purpose of conveying a marketable title, i.e., to avoid future litigation.
 {¶ 12} In the instant matter, a title search revealed that the current lessee occupying the premises had a federal tax lien levied against it that exceeded one million dollars. In addition, four U.C.C. financing statements were filed against the trade fixtures installed by the tenant. The lease in question provides that it shall be "binding upon Lessor, Lessor's heir, successors and assigns[.]" We also note that the lease itself is an encumbrance on the property, which has not been removed. See Alliance Towers, Ltd. v. Stark Cty. Bd. of Revision (1988),37 Ohio St.3d 16, 22. As a result, if Appellees were forced to complete the real estate transaction, they would have no choice but to accept the current tenant and the litigation that is almost certain to accompany it.
 {¶ 13} While the title insurance may alleviate any pecuniary loss resulting from the instant real estate transaction, it would not eliminate the "hazard of litigation" that it is inherent in the purchase of the property. McCarty, 111 Ohio St. at 558. Accordingly, we find Appellant's reliance upon the commitment for title insurance to be misplaced, as the parties' contract did not provide for title insurance as a remedy for title defects.
 {¶ 14} We conclude, therefore, that the trial court properly found that Appellant was "unable to convey a clear and marketable title free of defects." Appellant's assignments of error are overruled.
 CROSS-ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION FOR SUMMARY JUDGMENT ON APPELLANT'S CAUSES OF ACTION FOR SPECIFIC PERFORMANCE, BREACH OF CONTRACT AND NEGLIGENT MISREPRESENTATION."
 {¶ 15} Given this Court's resolution of Appellant's first assignment of error, Appellees' cross-assignment of error is moot, and this Court declines to address it. See App.R. 12(A)(1)(c).
 III. {¶ 16} Appellant's assignments of error are overruled and Appellees' cross-assignment is moot. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant/Cross-Appellee.
Exceptions.
Slaby, P.J. Batchelder, J. Concur.