[Cite as *Smith v. Pickersgill*, 2014-Ohio-5606.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JOHN C. SMITH | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| DON PICKERSGILL | : | Case No. 14-CA-00012 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:	Appeal from the Perry County Court
of Common Pleas, Case No.
12 CV 00057

JUDGMENT:	Affirmed

DATE OF JUDGMENT:	December 19, 2014

APPEARANCES:

For Plaintiff-Appellee	For Defendant-Appellant

SCOTT D. EICKELBERGER	JILLIAN B. VON GUNTEN
RYAN H. LINN	Allen & Baughman
Kincaid, Taylor & Geyer	58 North Fifth Street, Suite 102
50 North Fourth Street	Zanesville, OH 43701
PO Box 1030
Zanesville, OH 43701

*Baldwin, J.*

{¶1}   Defendant-appellant Don Pickersgill appeals from the February 10, 2014 Entry of the Perry County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee John Smith.

STATEMENT OF THE FACTS AND CASE

{¶2}   On or about November 20, 2011, appellant Don Pickersgill, as seller, entered into a real estate purchase agreement with appellee John Smith, as buyer. Pursuant to the terms of the same, appellee agreed to buy specified real estate from appellant for $30,000.00 with a $1,500.00 deposit and the balance due on January 30, 2012.   The agreement further provided that appellant would pay prorated property taxes and appellee would "pay the costs to convey and record the deed and any other cost that may be, to complete the sale. Except Liens."   Appellant also agreed to give appellee the right of first refusal if any adjacent land became available for sale.

{¶3}   On February 17, 2012, appellee filed a Complaint for Specific Performance of Contract to Convey Land against appellant. Appellee, in his complaint, alleged that he tendered the down payment of $1,500.00 to appellant at the time the parties entered into the contract and that he met with appellant to complete the transaction on or before January 20, 2012.   Appellee further alleged that he told appellant that the land was encumbered by two liens and that the contract required appellant to provide the property free of liens. Appellant, according to the complaint, refused to complete the transaction and provide appellee with a general warranty deed for the property.  Appellee asked that appellant be required to specifically perform  the contract and provide a general warranty deed for the property to appellee. Appellee also

asked for a court order that appellee had a right of refusal on adjacent land owned by appellant.

{¶4}    Appellant filed an answer to the complaint on April 2, 2012 and an amended answer on April 9, 2012.

{¶5}    Both parties filed Motions for Summary Judgment. Pursuant to an Entry filed on February 10, 2014, the trial court granted appellee's Motion for Summary Judgment while denying that filed by appellee.

{¶6}    Appellant now raises the following assignment of error on appeal:

{¶7}    WHETHER THE TRIAL COURT ERRED IN HOLDING THERE WERE NO ISSUES OF MATERIAL FACT TO BE DECIDED AND GRANTING SUMMARY JUDGMENT TO PLAINTIFF/APPELLEE.

I

{¶8}    Appellant, in his sole assignment of error, argues that the trial court erred in granting summary judgment in favor of appellee. We disagree.

{¶9}     Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56, which was reaffirmed by the Ohio Supreme Court in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996–Ohio–211, 663 N.E.2d 639.

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving

party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Parsons v. Fleming,* 68 Ohio St.3d 509, 511, 1994–Ohio–172, 628 N.E.2d 1377, citing *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 472, 364 N.E.2d 267, 274 (1977).

{¶10} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgment motions on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35, 36, 56 N.E.2d 212 (1987).

{¶11} Appellant, in his brief, argues that the trial court erred in granting summary judgment in favor of appellee because "[i]t is unclear whether there was a genuine 'meeting of the minds' in the contract formation." Appellant argues that the parties never considered who would be responsible for any outstanding liens or encumbrances on the property and that appellant honestly believed that there were no such liens or encumbrances. Appellant also contends that both parties were aware, when contemplating the transaction, that appellant would only sell the property if he cleared $30,000.00 in proceeds from the sale. Appellant further maintains that appellee breached the contract by refusing to complete the transaction on the closing date.

{¶12} A contract is to be interpreted to give effect to the intention of the parties. *Morrison v. Petro Evaluation Serv., Inc.,* 5th Dist. Morrow No. 2004 CA 0004, 2005–Ohio–5640, ¶ 29 citing *Employer's Liab. Assur. Corp. v. Roehm,* 99 Ohio St. 343, 124 N.E. 223 (1919), syllabus. It is a fundamental principle in contract construction that contracts should "be interpreted so as to carry out the intent of the parties, as that intent

is evidenced by the contractual language." *Id.* quoting *Skivolocki v. E. Ohio Gas Co.,* 38 Ohio St.2d 244, 313 N.E.2d 374 (1974), paragraph one of the syllabus. "The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement." *Id.* quoting *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.,* 78 Ohio St.3d 353, 361, 1997–Ohio–202, 678 N.E.2d 519. If the terms of the contract are clear and unambiguous, courts must give the words their plain and ordinary meaning and may not create a new contract by finding the parties intended something not set out in the contract. *Alexander v. Buckeye Pipeline,* 53 Ohio St.2d 241, 374 N.E.2d 146 (1978).

{¶13} In the case sub judice, the parties' contract clearly and unambiguously provides that appellant would sell the subject property to appellee for a total of $30,000.00. There is no language stating that appellant has to clear $30,000.00 in order for the sale to occur. The contract further provides that appellee "agrees to pay the costs to convey and record deed and any other cost that may be, to complete the sale. Except Liens." (Emphasis added). We concur with appellee that the contract plainly and clearly provides that appellant, as the seller, would pay the costs of the liens. We find that appellant breached the agreement by failing to satisfy the liens covering the property.

{¶14} Appellee, in his brief, also argues that appellant breached the agreement by failing to provide marketable title to him at the time of closing. In *McCarty v. Lingham,* 111 Ohio St. 551, 557, 146 N.E. 64 (1924), the Supreme Court of Ohio held, "where a sale of real estate is made in general terms, without any stipulation as to the character

of title which the purchaser is to get, he is entitled to demand that a marketable title shall be given." The Court then described at 557-558 what was a marketable title:

As to what constitutes a marketable title no hard and fast rule can be declared to govern every state of facts which might be presented in the numerous controversies which are likely to arise where such a title is implied in a sale contract drawn in general terms, and each case is therefore *sui generis.* Some attorneys are more technical than others in advising their clients upon the defects of greater or less importance to be found in an abstract of title, and some purchasers are more timid than others, and the court can therefore do nothing more than establish a very general rule. As a result of the numerous expressions of the courts on this subject, it may be conservatively stated that a marketable title is one which imports such ownership as insures to the owner the peaceable enjoyment and control of the land, as against all others. It has also been defined as one which is sufficient to support or defend an action of ejectment. It should show a full and perfect right of possession in the vendor. It should appear reasonably certain that the title will not be called in question in the future, so as to subject the purchaser to the hazard of litigation with reference thereto. It must in any event embrace the entire estate or interest sold, and that free from the lien of all burdens, charges, or incumbrances which present doubtful questions of law or fact.

{¶15} Because the subject property was encumbered by two liens, appellant did not provide marketable title at the time of closing. Appellee, therefore, was not required to pay the balance of the purchase price at the time of the closing.

{¶16} We find, therefore, that the trial court did not err in granting summary judgment in favor of appellee because there were no genuine issues of material fact in dispute.

{¶17} Appellant's sole assignment of error is, therefore, overruled.

{¶18} Accordingly, the judgment of the Perry County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur.