[S. F. No. 2852.    Department Two.—January 19, 1904.]

## CUTTING FRUIT PACKING COMPANY, Respondent, v. D. J. CANTY, Appellant.

CONTRACT FOR SALE OF PEACHES—FAILURE IN DELIVERY—ACTION FOR BREACH—DAMAGES—SUFFICIENCY OF COMPLAINT.—A complaint for damages for breach of a contract to sell and deliver four hundred tons of peaches at thirty dollars per ton, which alleges the execution of the contract, and sets forth a copy thereof, and shows the breach of the contract by refusal to deliver two hundred and seventy and one half tons thereof, and shows damages sustained by the plaintiff in being compelled to pay twelve dollars per ton more than the price at which defendant agreed to furnish the peaches, sufficiently states a cause of action.

ID.—WAIVER OF GROUNDS OF SPECIAL DEMURRER—AMBIGUITY REMOVED BY FINDING—SUPPORT OF JUDGMENT.—Where there was no special demurrer to the complaint, any grounds thereof must be deemed waived; and any variance between the terms of the contract, as alleged in the complaint, and those of the copy attached thereto was only an ambiguity or uncertainty, which was removed by the finding that the copy, as set forth in the complaint, is the contract into which the parties entered. Defective allegations in the complaint are cured by a verdict, and all intendments will be made in support of the judgment thereon.

ID.—FINDINGS—ABSENCE OF BILL OF EXCEPTIONS—PRESUMPTION UPON APPEAL.—Where the facts found are sufficient to sustain the judgment, and are within the issue, in the absence of any bill of exceptions, it must be presumed upon appeal that the evidence presented in support of the findings was competent to establish the facts alleged, and was received at the trial without any objection, and was sufficient to sustain each of the facts found.

ID.—COUNTERCLAIM—REDUCTION OF PLAINTIFF'S CLAIM—OMISSION IN
FINDING—PRESUMPTION—BURDEN UPON APPELLANT.—Where the
court found that the defendant was entitled, by way of offset to the
claim of the plaintiff, to a specified sum for other peaches sold and
delivered to the plaintiff, being the peaches referred to in the
counterclaim, and deducted such sum from plaintiff's damages, the
omission of the court to make a specific finding as to a larger sum
claimed in the counterclaim is not ground of reversal, where the
record does not show that defendant offered any evidence in support
of such larger sum. Error is not to be presumed; and it was in-
cumbent on the appellant to cause the record to show that he was
entitled under the evidence to the larger sum.

ID.—INTEREST—DELAY OF CLERK TO ENTER JUDGMENT—ENTRY NUNC
PRO TUNC.—It is the duty of the clerk to enter judgment imme-
diately when ordered by the court; and where the clerk delayed
to enter judgment for nearly two years after the rendition such
delay will not be permitted to prejudice the defendant in the al-
lowance of interest. The proper procedure to prevent such prejudice
is for the superior court to correct the judgment by causing it
to be entered *nunc pro tunc* as of the date when it should have been
entered, with allowance of interest from the commencement of the
action to that date, and interest on the judgment from that date.

ID.—CORRECTION IN SUPERIOR COURT—COSTS OF APPEAL.—The judgment
should have been corrected by motion in the superior court; and
where the only error appearing is an error of the clerk, and not
of the court, the costs of appeal will be ordered to be paid by the
appellant.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Stanton L. Carter, for Appellant.

The complaint is to be taken most strongly against the
pleader. (*Green* v. *Covillaud,* 10 Cal. 323;[1] *De Castro* v.
*Clarke,* 29 Cal. 17; *Snow* v. *Halstead,* 1 Cal. 360; *Dickinson*
v. *Maguire,* 9 Cal. 51; *Triscony* v. *Orr,* 49 Cal. 617; *Rogers*
v. *Shannon,* 52 Cal. 107; *Collins* v. *Townsend,* 58 Cal. 614;
*Hayes* v. *Steiger,* 76 Cal. 556; *Glide* v. *Dwyer,* 83 Cal. 481;
*People* v. *Wong Wang,* 92 Cal. 277, 281.) And so taken, in
this case, the complaint does not state a cause of action.
(*Moore* v. *Besse,* 30 Cal. 572.) The complaint fails to allege
that the purchase of peaches by plaintiff was made within the

[1] 70. Am. Dec. 725.

time and in the market specified in section 3354 of the Civil Code. (*Bullard* v. *Stone,* 67 Cal. 477.) Interest was not allowable on unliquidated damages prior to judgment. (*Cox* v. *McLaughlin,* 76 Cal. 67;[1] *Swinnerton* v. *Argonaut L. and D. Co.,* 112 Cal. 379; *Ferrea* v. *Chabot,* 121 Cal. 236.) The judgment was binding from the date of its rendition. (*In re Cook,* 77 Cal. 232;[2] *Estate of Newman,* 75 Cal. 213.[3])

Olney & Olney, for Respondent.

The complaint was good, and any defects therein are cured by answer, findings, and judgment. (*Shively* v. *Semi-Tropic Land and Water Co.,* 99 Cal. 259, 261; *Kreling* v. *Kreling,* 118 Cal. 420; *Burns* v. *Cushing,* 96 Cal. 669.) Interest was recoverable from the date of filing the complaint to judgment. (Civ. Code, sec. 3287; *Lane* v. *Turner,* 114 Cal. 396; *McFadden* v. *Crawford,* 39 Cal. 662; *Pacific Mutual Life Ins. Co.* v. *Fisher,* 106 Cal. 233; *Martin* v. *Ede,* 103 Cal. 162; *Schmidt* v. *Noonan,* 63 Cal. 371; *Furlong* v. *Cooney,* 72 Cal. 322.)

THE COURT.—The plaintiff and the defendant entered into a contract in writing May 26, 1897, by which the defendant sold to the plaintiff 400 tons of peaches, at $30 per ton, to be delivered at railroad station in San Francisco during the season of 1897, for which payment was to be made by the plaintiff weekly and on acceptance of the peaches. After the contract had been entered into the market value of peaches rose from $30 per ton to $42 per ton, and the defendant, after delivering 129½ tons of the peaches, refused and failed to deliver any more. The plaintiff thereupon, after demand upon the defendant for their delivery, purchased the remaining 270½ tons, for which it was obliged to pay $42 per ton. It seeks by this action to recover from the defendant as damages for the breach of his contract the difference between the contract price of the peaches and the amount it was compelled to pay for those which the defendant refused to deliver,—viz., $3,246. The cause was tried without a jury, and upon findings of fact in accordance with the claim of the plaintiff, judgment was rendered in its favor. The defendant has appealed direct-

ly from the judgment upon the judgment-roll, without any bill of exceptions.

1. The complaint alleges the execution of the contract between the plaintiff and the defendant, setting forth a copy of the same; the breach of the contract by the defendant in its refusal to deliver a portion of the peaches; the damage sustained therefrom by the plaintiff, together with the manner in which such damage was caused,—viz., by being compelled to pay more than the price at which the defendant had agreed to furnish the peaches. This was a sufficient statement of a cause of action, and if the facts thus alleged were admitted by the defendant or sustained at the trial, the plaintiff was entitled to judgment.

The objections to the complaint urged by the appellant relate to the manner in which the facts are stated, and not to an entire absence of any material fact. These objections should have been presented to the superior court by a special demurrer, but as such demurrer was not interposed they must be deemed to have been waived. Any variance between the terms of the contract, as alleged in the complaint and as contained in the copy attached thereto, was only an ambiguity or uncertainty, which is removed by the finding of the court that the copy as set forth in the complaint is the contract into which the parties entered. Defective allegations in the complaint are cured by a verdict, and all intendments will be made in support of the judgment thereon. (*San Francisco* v. *Pennie,* 93 Cal. 465; *Kimball* v. *Richardson,* 111 Cal. 386; *Hughes* v. *Alsip,* 112 Cal. 587.)

The facts found by the court are sufficient to sustain the judgment, and are within the issues presented by the complaint. If the defendant had any objection to the evidence offered in support of the allegations of the complaint, either on the ground of variance or that the facts sought to be established were not pleaded with sufficient definiteness, it was incumbent upon him to make such objection at the trial. In the absence of any bill of exceptions it must be assumed that the evidence presented in support of these findings was competent to establish the facts alleged, and was received without any objection, and was sufficient to sustain each of the facts found.

2. In his answer the defendant admits the delivery by him of 129½ tons of peaches, and alleges that there is still unpaid therefor and due to him from the plaintiff $20.96. He also sets up a counterclaim against the plaintiff for $392.80, for peaches sold and delivered by him to the plaintiff. The court finds that the plaintiff paid the defendant for the 129½ tons of peaches delivered by him, and it also finds that "the defendant is entitled by way of offset to the claim of plaintiff to the sum of $371.84, for other peaches sold and delivered by the defendant to the plaintiff and being the peaches referred to in the counterclaim set up by the defendant." Judgment is thereupon directed in favor of the plaintiff for the difference between $371.84, the amount of defendant's counterclaim, and $3,246, the amount of damage sustained by the plaintiff.

It is contended by the appellant that by reason of the failure of the court to make a finding of fact upon the issue presented by the counterclaim, the judgment must be reversed. It is a sufficient answer to this contention to say that the record does not show that the defendant offered any evidence in support of his counterclaim, and that, as a failure of the court to make a finding thereon would not justify a reversal (*Winslow* v. *Gohransen*, 88 Cal. 450; *Rogers* v. *Duff*, 97 Cal. 66; *F. A. Hihn Co.* v. *Fleckner*, 106 Cal. 95), its finding in his favor for a less amount than claimed must be held to be all that the evidence offered in support of his claim would justify. Moreover, this finding is a decision upon the issue in favor of the appellant, and it is a general rule that courts will not listen to a party who seeks the reversal of a judgment in his own favor, unless he can make it appear that the judgment should have been for a greater amount or a wider scope. Error is not to be presumed, and if the appellant would contend that the court should have found for his counterclaim a greater amount, it was incumbent upon him to cause the record to show that such finding was required by the evidence.

3. The court filed its findings of fact and conclusions of law January 27, 1899, in which judgment was ordered in favor of the plaintiff for $2,874.16, with interest thereon, from the date of filing the complaint,—viz., February 24, 1898. The clerk did not enter the judgment, however, until January 12,

1901, at which time he entered a judgment in favor of the plaintiff for $3,454.26, that sum being the amount of the damages found by the court, together with interest thereon at seven per cent per annum from the date of the decision until the date at which the judgment was entered of record.

The court properly allowed the plaintiff interest upon the amount of damage sustained by defendant from the date of filing the complaint (Civ. Code, sec. 3287; *Pacific Mutual Ins. Co.* v. *Fisher,* 106 Cal. 224; *Lane* v. *Turner,* 114 Cal. 396); and the action of the clerk in adding the interest from the date of the decision to the entry of the judgment was correct. (Code Civ. Proc., sec. 1035; *Golden Gate Mill Co.* v. *Machine Works,* 82 Cal. 184; *Barnhart* v. *Edwards,* 128 Cal. 575.)

4. In the judgment as recorded the clerk has written at its head, "January 27th, A. D. 1899," the date at which the decision was filed, and which upon the face of the judgment appears to be its date; and it is urged by the appellant that inasmuch as the judgment directs that plaintiff shall recover from the defendant the sum of $3,454.26, with interest thereon at the rate of seven per cent per annum "from the date hereof till paid," the plaintiff will recover a greater amount of interest than he is entitled to receive. It clearly appears from an examination of the judgment-roll that the clerk computed the interest up to the date of the entry of the judgment, and that by the insertion of the words, "from the date hereof till paid," he intended to refer to the date of such entry. The prefatory date, "January 27th, A. D. 1899," is no part of the judgment, but was evidently intended only as a connecting link between the decision and the entry of the judgment. The date of the judgment is the date of its entry. These words, however, create an ambiguity on the face of the judgment which the appellant is entitled to have removed.

The superior court is therefore directed to cause the aforesaid prefatory date, "January 27th, A. D. 1899," to be expunged from the face of the judgment. In all other respects the judgment is affirmed. As the correction herein directed would have been made by the superior court upon a mere suggestion therefor, the costs of the appeal must be borne by the appellant.

A petition for a hearing in Bank was filed, and the following opinion was rendered thereon on the eighteenth day of February, 1904:—

THE COURT.—A rehearing of this cause is denied, but it is necessary to modify the order of the Department remanding the cause with directions in relation to the amendment of the judgment as entered by the clerk.

The facts stated in the Department opinion show that the clerk neglected to enter the judgment for nearly two years after its rendition, and then included interest from the filing of the complaint till the date of entry (less about fifteen dollars, which we suppose was owing to a mistake in the calculation). The result of this action on the part of the clerk is to charge the defendant with compound interest on the amount due when he was liable for simple interest only. This may be shown by the following example: A judgment is rendered to-day for one thousand dollars. It is the duty of the clerk to enter it immediately. If he does so it will at the end of five years from the date of rendition amount, with interest at seven per cent, to $1,350. But if the clerk neglects for two years to enter the judgment, and then includes the interest computed from the date of rendition (one hundred and forty dollars), there will be a judgment for $1,140—which, at the end of three years from that date (five years from date of rendition), will amount, with interest at seven per cent, to $1,379.40, or $29.40 more than the true amount for which the defendant is liable. The neglect of the clerk to enter the judgment when he ought to enter it cannot be permitted to have this injurious consequence, which can only be corrected by causing the judgment entry to bear the date it ought to have borne,—i. e., the day of, or the day after, its rendition,—so that it will draw interest from that date. In this case the proper amount of the judgment is to be ascertained by adding to the sum found due at the date of the commencement of the action ($2,874.16), interest up to the date it should have been entered (January 27, 1899), which amount will bear interest from that date.

We reaffirm what was said in the Department opinion as to the costs of the appeal. The superior court committed no error calling for a reversal or modification of the judgment.

The only error found in the proceedings was an error of the clerk. There is no necessity to prosecute an appeal to this court on account of the clerk's mistakes unless the superior court refuses on proper motion to correct them, in which case the court's action, not the clerk's, will be brought up for review.

The cause is remanded, with directions to the superior court to cause the judgment to be entered *nunc pro tunc* as of January 27, 1899, for the amount found due at the commencement of the action, with interest to that date. As so amended the judgment is affirmed, costs of appeal to be paid by appellant. This order to take the place of the Department order.