[Civ. No. 5349.   First Appellate District, Division One.—January 11, 1927.]

## RICHARD MILLER et al., Respondents, v. W. A. C. YULE et al., Appellants.

[1] APPEAL—JUDGMENT-ROLL—FINDINGS—EVIDENCE.—Where an appeal is before the court for review upon the judgment-roll alone, the review is confined to facts presented by the findings and admitted by the pleadings. The only questions for consideration are whether the complaint states a cause of action; whether the findings are within the issues and support the judgment, and whether reversible error concerning a matter of law appears on the face of the record, and no question arises as to the sufficiency of the evidence to sustain the averments and findings.

1.  See 2 Cal. Jur. 520.

[2] ID.—COMPETENCY OF EVIDENCE—PRESUMPTIONS—FINDINGS.—In the absence of any bill of exceptions it must be assumed that the evidence presented in support of the findings was competent to establish the facts alleged, was received without objection, and was sufficient to sustain each of the facts found.

[3] VENDOR AND VENDEE—TITLE—TRANSFER BY VENDOR—LIABILITY FOR PAYMENTS—RESCISSION.—Vendees under a contract of purchase of real property are privileged to bring suit for money had and received on the implied contract of the vendor in the agreement of sale to repay the payments made on the contract, if the vendor is unable to transfer title or if through the wrongful acts of the vendor the vendees are prevented from acquiring the property; and in a suit by the vendees for money had and received, after rescission of the contract by the vendor and his grantee, the vendor may not relieve himself from liability merely because he has deeded the property to another and payments have been made to such grantee.

---

(1) 4 **C. J.**, p. 183, n. 35, p. 184, n. 36.    (2) 4 **C. J.**, p. 735, n. 27, p. 757, n. 51.    (3) 39 **Cyc.**, p. 2013, n. 90.

APPEAL from a judgment of the Superior Court of San Diego County. E. A. Luce, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. C. Pease for Appellants.

Jos. H. Egermayer and Notley S. Hammack for Respondents.

CAMPBELL, J., *pro tem.*—This appeal is from the judgment made and entered in favor of plaintiffs and against defendants W. A. C. Yule and Josephine K. Yule. The defendant M. M. Corry did not appeal. The judgment-roll only is before the court.

On February 28, 1921, respondents entered into a contract with appellants for the purchase and sale of lots 3 and 10 in block 121 of Middletown, situated at No. 3141 India Street, in San Diego, the purchase price being $2,950. The respondents, who were the purchasers under the contract, made an initial payment when they executed the

---

2.   See 2 Cal. Jur. 525.
3.   See 25 Cal. Jur. 796.

contract of $500 in the form of a promissory note. The contract provides that the balance of $2,450 be paid at the rate of $35 or more per month, including interest at the rate of seven per cent per annum, payable on deferred balances, and that the buyer shall make monthly payments within the first year of $500 and each year thereafter until the balance due is reduced to $1,500, which shall be made into a mortgage, etc. Respondents made payments on the contract of more than the $500 required to be paid during the first year, but made no payments in the month of May, 1921, nor in the months of February or March, 1922, but made payments in April, 1922, and had made payments in months prior to the months in which no payments were made in amounts sufficient to cover the amounts due during those months at the rate of $35 per month, including interest.

The trial court found that on April 6, 1922, W. A. C. Yule and Josephine K. Yule sold and assigned the contract in question to defendant M. M. Cory and also made and delivered to defendant Cory a deed of conveyance conveying to him the property described in the contract of purchase and sale and at the same time executed and delivered to M. M. Cory a deed of trust for and to lots 1 and 12 in block 121 guaranteeing or securing the payments on the contract of purchase and sale entered into by appellants and respondents.

Appellants urge two points in support of their appeal: That the court erred in finding that respondents were not in default in their payments on the contract, and that defendant Yule had no power to rescind the contract.

Appellants contend that as the contract calls for monthly payments, payments must be made monthly even though payments have been made in prior months sufficient to cover payments due in subsequent months, and that as defendant Cory was the owner of the property at the time of the rescission of the contract, the acts of the appellants were those of trespassers and could not operate to rescind the contract.

The contract in this case contains the same provisions as does a contract made between the same parties in *Yule v. Miller, ante,* p. 609 [252 Pac. 733], in which case the contract affected adjoining property. The same points are made in the briefs and the same authorities cited as to the interpretation of the contract, and on the authority of that case

the judgment as against the objection that the court erred in finding that the respondents were not in default in their payments must be affirmed.

As to the other objection urged that appellant Yule had no power to rescind the contract, the finding of the court as to the acts constituting the rescission is that, while plaintiffs were not in default in their payments under the agreement of sale, or in any of their undertakings under the agreement of sale, the defendants, and each and every one of them, rescinded the written agreement of sale by retaking possession of the premises during the temporary absence of the plaintiffs therefrom without the consent and contrary to the desire and wish of the plaintiffs; that they posted notices upon the dwelling-house situate on the premises warning all persons and particularly these plaintiffs to "Keep out—Trespassers will be prosecuted," and upon which notice the name of "M. M. Cory, Owner" was printed, and boarded up the doors and windows; that Brooks, the person in charge, and who performed the acts, did such acts under the direct instruction of W. A. C. Yule; that Yule had previously discussed the matter of taking possession of the property with M. M. Cory and that he had notified Cory that he had taken possession of the property and had boarded up the doors and windows thereof and had placed a sign with the name of defendant Cory on the property warning all persons to keep out; that said M. M. Cory, the assignee of the vendor under said agreement of sale, grantee in said grant deed and beneficiary under said deed of trust, with full and prior actual knowledge of the contemplated acts of re-entry and taking forcible possession and ousting plaintiffs from possession and rescinding of said agreement of sale, acquiesced in and permitted the said forcible re-entry and taking possession of said dwelling and premises and concludes therefrom that the defendants, W. A. C. Yule, Josephine K. Yule, and M. M. Cory, wrongfully, wilfully, and without authority of law or fact took forcible possession of the land and premises and the dwelling thereon and rescinded the agreement of sale.

[1] Where an appeal is before the court for review upon the judgment-roll alone, the review is confined to facts presented by the findings and admitted by the pleadings (*MacFarland* v. *Walker,* 40 Cal. App. 511 [181 Pac. 248]). The

only questions for consideration are whether the complaint states a cause of action; whether the findings are within the issues and support the judgment and whether reversible error concerning a matter of law appears on the face of the record (*Norton* v. *Newerf,* 45 Cal. App. 13 [187 Pac. 57]), and no question arises as to the sufficiency of the evidence to sustain the averments and findings (*Ensele* v. *Jolley,* 188 Cal. 297 [204 Pac. 1085]; *Pence* v. *Martin,* 43 Cal. App. 626 [185 Pac. 503]). [2] In the absence of any bill of exceptions it must be assumed that the evidence presented in support of the findings was competent to establish the facts alleged, was received without objection, and was sufficient to sustain each of the facts found (*La Fetra* v. *Richardson,* 44 Cal. App. 302 [186 Pac. 396]; *Cutting Packing Co.* v. *Canty,* 141 Cal. 692 [75 Pac. 564]; *Damon* v. *Quinn,* 143 Cal. 75 [76 Pac. 818]).

[3] As to appellant Yule having deeded the property to defendant Cory and therefore was no longer able to rescind the contract, it is sufficient to say that the court found the fact to be that each and all of the defendants W. A. C. Yule, Josephine K. Yule, and M. M. Cory rescinded the contract. While it is true that respondents might have construed the acts of appellant Yule in boarding up the doors and windows of the house on the premises as a trespass and sought damages in tort, yet they were also privileged to bring suit for money had and received on the implied contract of the vendor in the agreement of sale to repay the payments made on the contract, if the vendor was unable to transfer title or if through the wrongful acts of the vendor the vendee was prevented from acquiring the property (*Lemle* v. *Barry,* 181 Cal. 1 [183 Pac. 150]; *Thomas* v. *Pacific Beach Co.,* 115 Cal. 141 [46 Pac. 899]). It would be a queer rule that would permit a vendor, as in this case, who had received $1,169.90 on a contract of purchase, to be relieved from liability on a suit for money had and received because he had deeded the property and payments of $48.90 had been made to his grantee. If this were the rule a person could contract to sell property which he did not own, or for some reason could not convey a good and sufficient title to, and just prior to the time the last payment became due deed the property to some irresponsible person and thus prevent

the recovery of the purchase price payments made by the vendee.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.