By the Court.
 

 This case originated in the court of common pleas of Hamilton county. The petition set up a claim for lumber furnished to the defendant John W. Robinson, a contractor. There
 
 *726
 
 after an amended petition was filed, setting up a mechanic’s lien theretofore perfected upon the premises for which such lumber was furnished. Additional parties defendant were named and served with summons. A motion to strike from the petition the averments relative to the mechanic’s lien, which had been set out as a second cause of action, was sustained, and the averments relating to the foreclosure of the mechanic’s lien were stricken from the petition. That action was affirmed by the Court of Appeals.
 

 The question presented is whether a petition setting up a claim on an open account for building material may thereafter be amended by setting up a mechanic’s lien upon the property for which such material was furnished.
 

 Section 11363, General Code, authorizes amendments to be made in pleadings in various respects, including inserting additional allegations material to the case. The test to be applied is whether the amendment substitutes or adds, a wholly different cause of action. It is to be observed that in this instance no new claim or obligation is asserted. There is only one claim or obligation and that consists of the account for building material furnished. The amendment only asserts the perfection of a mechanic’s lien covering the account, and, in addition to a personal judgment, asks for the foreclosure of such lien. Statuses providing for mechanic’s liens do not create any new substantive right, but are remedial in character, providing an additional means of enforcing payment of the debt.
 

 It seems quite clear, therefore, that no new or different substantive right was set up in the
 
 *727
 
 amended petition, but that the only change made had to do with the remedy and the method of enforcing payment of the claim sued upon.
 

 Judgment reversed.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.