### TYLER v MARTIN et

Ohio Appeals, 9th Dist, Summit Co

No 2000. Decided Feb 15, 1932

Roetzel & Olds, Akron, for Olds, Admr of the Estate of Anthony Slick, deceased, and Veronica Slick.

Schnee, Grimm & Belden, for Graefe, Admr. w. w. a. of the Estate of Charles Graefe, deceased.

WASHBURN, J.

The question for determination is presented by an answer filed by Slick in an action to quiet title to said lot, and the reply filed thereto by Graefe. Said answer of Slick set forth said contract and alleged the payments made by him and the tender of the balance due, .and the failure of Graefe to convey said lot to Slick in accordance with the terms of said contract, and alleged that Slick was still able, ready and willing to pay the balance due upon said contract and willing to receive a deed for said lot. The prayer of the answer is that Graefe be ordered, adjudged and decreed to convey said premises to Slick according to the terms of said agreement "or that an accounting may be had of the amounts paid" by Slick, and that he be restored to all things which he has lost in the premises, and for such other and further relief as he may be entitled to "in law or equity."

In the reply to Slick's answer, Graefe admitted the making of said contract and alleged that on a day subsequent to the last payment made by Slick upon said contract, he, Graefe, the vendor, sold and conveyed said premises to another. Graefe also set forth certain other alleged defenses, and the case is before this court upon appeal.

Upon all the issues of fact, we find in favor of Slick: that he purchased said lot and paid thereon the amount claimed, and offered to pay the balance due; that Graefe agreed to convey the lot to Slick and after receiving the amount paid by Slick, conveyed the property to an innocent third party; and that solely because of such conveyance, Graefe cannot be compelled to specifically perform said contract.

The only serious question raised in the case is as to how much Slick should recover from Graefe, in view of the fact that we find, from the evidence that was introduced without objection, that the value of the lot when the conveyance ought to have been made was only $400.

The general rule is that, in an action against a vendor **to recover damages for a breach** of his executory contract to convey real estate, the measure of damages is the difference between the value of the real estate at the time when conveyance should have been made and the balance due upon the contract of sale, which rule is concededly just and fair in cases where the value of the real estate at the time when the conveyance should have been made exceeds the price agreed to be paid therefor; but the writer of this opinion has great doubt about that rule being just and fair in cases where the value of the property at the time the conveyance should have been made is less than the price agreed to be paid therefor, for in such case the vendee recovers as damages less than the amount he has paid, although he was not at fault and was perfectly willing to pay the balance due and take the property.

But however that may be, the authorities fully sustain the proposition that, if the vendor is unable or refuses to perform, the vendee, instead of bringing an action for damages for breach of the contract, may disaffirm and, in an action for money had and received, recover back the purchase money paid if he himself has not been at fault. In such case the amount of his recovery is not governed by the rule respecting the measure of damages for a breach of the contract, and, as has been said, it is almost uniformly held that in such a form of action the vendee is entitled to recover back the money he has paid upon the contract.

We think that the rule applicable to such an action should be applied in this case.

The issue between these parties arises in an action brought against Slick to quiet title and bar any claim he might have in reference to said lot, and the pleading which Slick filed in that case asked that an accounting be had of the amounts he had paid upon said lot. Before said answer was filed, the property had been deeded to an innocent third party, and therefore Slick's only available remedies were an action at law against Graefe for damages for breach of the contract or an action to recover back what he had paid.

In the pleading he filed, he did not ask for damages for a breach of the contract, and the facts stated by him, in connection with the admissions in the pleading filed by Graefe clearly entitle him to recover back from Graefe the money he paid upon said contract, and he prayed for an accounting and for such other relief as he was entitled to "in law or equity."

We think that the facts plead and the prayer for an accounting, under the circumstances of this case, make it analagous to an action at law to recover the amount paid, and we are therefore of the opinion that Slick should have judgment against Graefe for the amount paid by him, together with interest. Judgment accordingly.

PARDEE, PJ and FUNK, J, concur.