## SCHON *v*. LAWRENCE.

1. VENDOR AND PURCHASER—FORFEITURE—REPUDIATION—RESCISSION —BREACH OF CONTRACT—STATUS QUO.

   If vendors without legal forfeiture of land contract repudiated and rescinded it, and wrongfully dispossessed vendee, she is entitled to restoration of *status quo*, and to recover what she had paid thereon.

2. SAME—TRIAL.

   Whether vendors lawfully terminated land contract by legal forfeiture before taking possession of property conveyed, *held*, properly submitted to jury in action by vendee to recover value of what she had paid thereon, on theory that vendors had unlawfully dispossessed her.

3. SAME—DAMAGES—INSTRUCTIONS.

   Trial court properly instructed jury, on question of damages, that, if entitled to recover, vendee should recover value of equity in farm conveyed by her to vendors, also value of stock and tools which went with farm, and market value of goods removed by vendors from premises when they took possession.

4. NEW TRIAL—WEIGHT OF EVIDENCE.

   Defendants' motion for new trial, on ground that verdict was against great weight of evidence, *held*, properly denied.

5. SAME—NEWLY-DISCOVERED EVIDENCE—ATTORNEY AND CLIENT.

   Defendants' motion for new trial, on ground of newly-discovered evidence, based on affidavit of attorney as to contents of paper entrusted to him while he was acting as attorney for plaintiff, was properly denied, since he would not be allowed to testify thereto if new trial were granted.

6. ATTORNEY AND CLIENT—BREACH OF PRIVILEGE—AFFIDAVIT—NEW TRIAL.

   Affidavit of attorney, in support of defendants' motion for new trial on ground of newly-discovered evidence, based on contents of paper entrusted to him while he was acting as attorney for plaintiff, was breach of privilege, and ought not to be considered.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted January 15, 1932. (Docket No. 154, Calendar No. 36,252.) Decided June 6, 1932.

Assumpsit by Elizabeth M. Schon against Harold B. Lawrence and another to recover sums paid under a land contract alleged to have been rescinded by defendants. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*John H. Bloem,* for plaintiff.

*Jackson, Fitzgerald & Dalm,* for defendants.

McDonald, J. This action was brought to recover payments made on the purchase price and improvements on property bought on a land contract which the plaintiff claims was afterwards repudiated and rescinded by the defendants. The plaintiff had a verdict and judgment. The defendants have appealed.

The record shows the following material facts: The defendants sold to the plaintiff on land contract their equity in premises known as the Olmstead street property in Kalamazoo county. The consideration was $4,500. As an initial payment, the plaintiff gave them an equity in a farm with certain stock and tools at an agreed value of $1,400. The balance was to be paid in monthly instalments. She went into possession of the Olmsted property and made improvements thereon as required by the contract. Soon thereafter she defaulted in her monthly payments. The defendants served notice on her by registered mail that they intended to declare a forfeiture unless she paid all amounts in arrears. She did not pay. The defendants claim that they then personally served a declaration of forfeiture on her.

This she denies. Summary proceedings were begun but were discontinued. Acting on their claim that the contract had been terminated by notice of forfeiture and that the plaintiff had abandoned the premises, the defendants took possession and removed certain goods which they found in the house. The plaintiff then brought this suit on the theory that the defendants had not lawfully terminated the contract, but by their conduct had repudiated and rescinded it and wrongfully dispossessed her of the premises. The following instruction of the court is a plain statement of the issue submitted to the jury:

"Under this contract, it was the duty of the defendants to give this second notice before taking possession. If they gave the second notice, the notice of forfeiture, actual forfeiture, then they had a right to repossess themselves of the premises, either in a proceeding before the circuit court commissioner, or in the manner in which the premises were repossessed. * * * And so it is on that disputed * * * question of fact that this controversy hinges. The first notice was served by registered mail admittedly. Was the second notice served as claimed by the defendants and denied by the plaintiff? If the second notice was served, as claimed by the defendants, your verdict should be for the defendants, no cause of action. If the second notice was not served, if the contract was not forfeited, then the plaintiff is entitled to a verdict in some amount. It is for you to say."

In this instruction the court stated all there was to the case. No error is assigned on it. By verdict of the jury there was no forfeiture. Without a forfeiture the act of defendants in dispossessing the plaintiff was a repudiation and rescission of the contract and entitles her to a restoration of the *status quo.*

In submitting the question of damages to the jury, the plaintiff was allowed to recover the fair market value of her equity in the farm which she gave as the initial payment on the contract, the value of the stock and tools, and the market value of the goods removed from the house when defendants took possession. No fault is found with the instruction in respect to damages, but the defendants contend that, as to them and the question of forfeiture, the verdict of the jury was against the great weight of the evidence. On this ground and on the claim of newly-discovered evidence the defendants moved for a new trial. .

The defendant Harold B. Lawrence and the plaintiff were the only witnesses on the question of service of a declaration of forfeiture. Mr. Lawrence's testimony as to what took place when he made the service was so evasive and contradictory that the jury was justified in discrediting it. Testimony as to the damages was conflicting. If the values found by the jury were against the great weight of the evidence, it was the duty of the trial court to correct them. He has approved the finding of the jury. Having seen the witnesses and listened to their testimony, he is in a better position than we are to judge of their credibility. We shall not disturb his conclusion on the weight of the evidence.

The newly-discovered evidence is set forth in an affidavit of an attorney, William Holbrook. He recites in his affidavit that he was retained by the plaintiff to represent her in this case; that she gave him some papers pertaining to the case which he subsequently returned; that among these papers was a notice of forfeiture from the defendants. If a new trial were granted and Mr. Holbrook were presented as a witness, he would not be allowed to tes-

tify to the contents of papers entrusted to him by the plaintiff while he was acting as her attorney. He is bound by the privilege of professional secrecy to remain silent. His affidavit is in itself a breach of privilege and ought not to be considered. The motion for a new trial on the ground of newly-discovered evidence was properly denied.

We have considered all of the other questions presented by the record, but find none of sufficient merit to require discussion. The issue involved only questions of fact which the jury determined against the defendants. We see no reason to disturb the judgment. It is affirmed, with costs to the plaintiff.

Clark, C. J., and Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.