SPROUSE ET AL., APPELLEES, *v.* BUCHANAN ET AL., APPELLANTS.

(No. 4618—Decided August 8, 1956.)

*Mr. James M. Hinton,* for appellees.
*Messrs. Motz, Quine, McGovern & Nye,* for appellants.

HUNSICKER, J. This is an appeal on questions of law from a judgment entered in the Court of Common Pleas of Summit County, Ohio.

On February 17, 1953, Albert N. Buchanan and his wife, Mary E. Buchanan, the appellants, herein called "Buchanan," entered into a land contract with Clarence W. Sprouse and Evelyn J. Sprouse, the appellees, herein called "Sprouse."

On the land was a small house. Sprouse moved into this house, and after several months moved out of the house, leaving there a few small personal articles. Sprouse was not then in

default under the terms of his contract with Buchanan, but when Mrs. Sprouse came to the home to get the personal articles, Mr. Buchanan refused to permit her to enter, saying he had taken possession of the premises.

Upon demand of Mr. Buchanan, Mrs. Sprouse surrendered a key to Mr. Buchanan, who then permitted her to take the few personal articles from the residence.

On September 15, 1953, counsel for Sprouse wrote to Buchanan, claiming that his client was not in default under the contract, and stated that Sprouse had no intention of waiving any of the damages to which they would be entitled by reason of the conduct of Buchanan.

In this letter, Sprouse included a payment due under the land contract, "solely for the purpose of continuing Mr. and Mrs. Sprouse in full and complete performance of the obligations of their contract * * *." Buchanan accepted this payment.

On September 29, 1953, Sprouse sued Buchanan for damages, claiming a breach of contract.

Counsel for Buchanan, on October 14, 1953, wrote Sprouse, stating that the keys and possession would be returned and the premises made available to Sprouse on request; however, Buchanan demanded in that letter the immediate payment of $1.29, claimed by Buchanan for taxes due him, although there was then due Sprouse from Buchanan more than $16 overpayment of interest, which overcharge Buchanan admitted he had made in the computation of interest due on the unpaid balance under the land contract.

On November 28, 1953, Buchanan filed an answer, admitting the execution of the contract and denying all other allegations. A cross-petition was also filed by Buchanan, in which they alleged that Sprouse was in default under the contract. The prayer of this cross-petition asked that the court declare the contract void.

The case came on for trial on February 8, 1955, before a jury. In the course of the trial, Sprouse, on the morning of February 9, 1955, prior to the interrogation of the defense witnesses, requested the court to permit an amendment of the petition to conform to the evidence.

This request, over the objection of Buchanan, was granted,

and the amended petition was filed in the afternoon of February 9, 1955.

The case was submitted to the jury on February 11, 1955, who, at the request of Buchanan, returned a special verdict. On this verdict a judgment in favor of Sprouse, in the sum of $652, was entered. It is from this judgment that an appeal is lodged in this court.

Buchanan says that:

"1. Special verdict No. 5 is against the weight of the evidence and the judgment is contrary to law.

"2. The court erred in failing to hold as a matter of law that defendants' repudiation of the contract was withdrawn before plaintiffs elected to treat the contract as totally breached.

"3. The court erred in permitting plaintiffs to file their amended petition, changing the premise of their action, during the course of trial.

"4. The court erred in failing to take into account the value of plaintiffs' occupancy in determining the amount recoverable by plaintiffs."

We shall examine these assignments of error in the order above given.

1. In answer to question 5 of the special verdict, the jury found that Sprouse, before any withdrawal of a repudiation by Buchanan, "did manifest an election to rescind the contract altogether and to treat it as fully terminated and breached on the part of" Buchanan.

The testimony given on this subject was in conflict, but there is credible evidence to sustain the finding of the jury, notwithstanding the letter dated September 15, 1953, written by counsel for Sprouse, and even in view of the original petition filed herein. The jury were the sole judges of the facts, and where there is a situation as we find in this case, a reviewing court will not disturb the finding so made.

2. The trial court did not err in refusing to hold as a matter of law that the repudiation by Buchanan was withdrawn before the election by Sprouse to treat the contract as totally breached. The jury found that there was a withdrawal of the repudiation, but it must be remembered that, in the correspondence, a part of which is analyzed above, the withdrawal of the

repudiation was coupled with the demand for immediate payment by Sprouse of $1.29, for claimed taxes, when there was due Sprouse from Buchanan more than $16 overcharge of interest.

In such a situation, the trial court could not find as a matter of law that the withdrawal of repudiation was made before the election by Sprouse to treat the contract as totally breached. The time of and the effect of withdrawal of repudiation were questions of fact for the jury to determine.

3. Did the trial court err in permitting Sprouse to file in the course of trial an amended petition which Buchanan says changed the cause of action?

An examination of the above petition and amended petition shows the following changes: First, the addition of an allegation that "the defendants wrongfully and unlawfully terminated said contract"; second, a paragraph, saying that Sprouse is "now being unlawfully deprived of the use, occupation and benefits of said property by the defendants," has been deleted from the amended petition; third, the last paragraph of the first cause of action of the petition has been changed by deleting the words "plus continued and additional damages for the loss and use and occupation of said premises."

It must be noted that in both the petition and amended petition Sprouse asked "to be relieved of making any further payments by reason of the breaches of said contract by the defendants as hereinbefore set forth, and also by reason of the damages as set forth herein which they have suffered from the defendants." An allegation in both pleadings says that "the defendants seized possession of said premises and broke and entered upon the same, during the absence of the plaintiffs, and thereafter ordered the plaintiffs to vacate and leave said premises, and have since deprived the plaintiffs of their legal rights to possession of said premises under and by virtue of said land contract, and have appropriated the use and benefit of said property to themselves * * *."

It is thus seen that in both pleadings there were allegations of breach of contract which could be construed as a total breach. In the original petition the principal relief was damages for loss of use, coupled with the request for complete release from all obligations under the contract, plus damages suffered by

Sprouse by reason of the breach of contract. In the amended petition, the relief sought was damages for total breach caused by the unlawful conduct of Buchanan, plus a complete release from all obligations under the contract.

A careful examination of these pleadings does not disclose that a change was made in the cause of action. The change made was in the relief that was asked. This was a change in the prayer for damages, not relief from breach of contract.

Section 2309.58, Revised Code, says, in part:

"Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading * * * by inserting other allegations material to the case, or, when the amendment does not substantially change the claim or defense, by conforming the pleading or proceeding to the facts proved."

Section 2309.40, Revised Code, says:

"The allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties."

A text review of the right of a court to permit amendment of pleadings may be found in 31 Ohio Jurisprudence, Pleading, Sections 319, 330, 335, and 336.

From the authorities cited in the text, we find that amendments have been made during the course of a trial permitting a change from an allegation of express contract to implied contract. *Harding* v. *Talbott, Exr.*, 60 Ohio App., 523, 22 N. E. (2d), 221; *Gorey* v. *Gregg, Exr.*, 78 Ohio App., 367, 63 N. E. (2d), 680. Also a change permitting a pleading which alleges a negligent injury to be also characterized by amendment during trial as wilful or intentional. *Cohen* v. *Bucey,* 158 Ohio St., 159, 107 N. E. (2d), 333. Also a change permitting a pleading seeking damages for wrongful arrest to be amended during trial by striking out an allegation of want of probable cause and substituting an allegation that the same arrest was made illegally and with force. *Spice & Son* v. *Steinruck,* 14 Ohio St., 213. Also a change permitting a pleading to be amended by inserting a second cause of action for a mechanic's lien when the first cause of action was based upon a book account for the same goods sold. *Lockland Lumber Co.* v. *Robinson,* 116 Ohio St., 725, 157 N. E., 376.

There was no request by Buchanan for a continuance of the case when the amendment was made, and the case proceeded to final conclusion.

The claim upon which the instant action was based was a breach of contract by Buchanan. The effect of that breach and the damages asked were set forth one way in the petition. The amended petition also set out a breach of contract as the grievance for which Sprouse sought redress, but in the latter or amended petition he asked for different relief.

The claim was not changed by the amendment. The relief sought was changed, but such change did not substantially change the claim. The trial judge therefore did not commit error when he permitted the amendment herein to be made.

4. Did the court err "in failing to take into account the value of plaintiffs' occupancy in determining the amount recoverable by plaintiffs"?

Our inquiry here is directed to the question of damages. What is the measure of damages when a vendor in a land contract repudiates his contract and denies the vendee access to such land? In other words, what damages can Sprouse recover in this action?

The jury found at the time of trial that the reasonable market value of the property was $6,850. The parties had agreed that, as of the time when Buchanan took possession of the property, Sprouse owed $6,380.20 on the contract of purchase. The difference between these two figures is $469.80. The amount of the judgment is $652. This sum is said to be the total of the payments made to Buchanan by Sprouse toward the purchase price of the premises.

We must bear in mind that it was Buchanan who, while Sprouse was not in default, unlawfully repudiated the contract and took possession of the property.

There is no fraud charged by Sprouse against Buchanan. This is a rescission by the act of the vendor, and a suit thereafter by Sprouse for damages.

The instant action was not one to disaffirm the contract of purchase in which there was a prayer for money had and received. *Tyler* v. *Martin,* 11 Ohio Law Abs., 660; *Reed* v. *Mc-Grew,* 5 Ohio, 375, at pages 379 and 380. See, also, *Swee* v.

*Bregenzer*, 19 C. C. (N. S.), 563, 32 C. D., 554, and *Galagher* v. *Dettelbach*, 24 C. C. (N. S.), 347, 34 C. D., 623.

This was not an action to assert an equitable lien, as in *Cleveland Trust Co.* v. *Bouse, Jr.*, 163 Ohio St., 392, 127 N. E. (2d), 7. See, also, *Brown* v. *Witter*, 10 Ohio, 143.

In a suit for damages for the breach of an executory contract to convey land, the amount recoverable is such as may fairly and reasonably be considered as either arising naturally, that is, according to the usual course of things from such breach, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract. 55 American Jurisprudence, Vendor and Purchaser, Sections 555 and 564.

In I Sugden on Vendors (8 Am. Ed.), Chapter V, Section IV, the author says, on the subject of a purchaser's rights, in paragraph 39, at page 357:

"Where the purchaser has paid any part of the purchase money, and the seller does not complete his engagement, so that the contract is totally unexecuted, the purchaser may affirm the agreement by bringing an action for the non-performance of it, or he may disaffirm it, and bring an action for money had and received to his use. In this latter action, the plaintiff cannot recover more than the money paid, although the estate has risen in value, while it should seem that, if the estate has experienced a diminution in value, he can only recover the damages he sustained by the estate not having been conveyed; that being the only money retained by the defendant against conscience. *But where, for example, the purchasers have had possession of the property, so that the parties cannot be placed in statu quo, the count for money had and received cannot be maintained.*" (Emphasis ours.)

In II Warvelle on Vendors, Chapter 35, Section 3, at page 959, the authorities cited support the text statement that, in the situation we find in the instant case, the measure of damages will ordinarily be the difference between the contract price and the value of the property at the time of the breach.

Annotations on the subject of the measure of recovery by a vendee in cases similar to that under discussion herein, may be found in 48 A. L. R., 12 *et seq.*, and 68 A. L. R., 137 *et seq.*

The authorities are not in agreement as to the measure of damages, because of the varied stipulations in the contracts of purchase. We do find, however, from the cases cited below, that the measure of damages, in a suit for breach of contract, where a vendor puts it out of the power of a vendee to fully comply with the provisions of the contract of purchase, is the difference between the unpaid purchase price and the value of the land at the time of the breach; whereas, if the action is one for money had and received, the usual measure of recovery is a return of the money paid.

Some of the courts allow a credit for the reasonable value of the use and occupation; others permit a full recovery of the amounts paid on the contract. *Case* v. *Wolcott,* 33 Ind., 5; *Hendrick* v. *Lowe,* 85 Conn., 635, 84 A., 89; *McBride* v. *Stewart,* 68 Utah, 12, 249 P., 114, 48 A. L. R., 267; *Yule* v. *Miller,* 80 Cal. App., 609, 252 P., 733; *Miller* v. *Yule,* 80 Cal. App., 618, 252 P., 737.

The foregoing cases in Utah and California permitted a full recovery of the money paid on the contract because the actions brought were for money had and received—the old action of indebitatus assumpsit. See, also, *Ziehen* v. *Smith,* 148 N. Y., 558, 42 N. E., 1080; *Swick* v. *Mueller,* 193 Ore., 668, 238 P. (2d), 717; *Schon* v. *Lawrence,* 258 Mich., 543, 242 N. W., 745; *Weeks* v. *Standish Hardware & Garage Co.,* 145 Me., 307, 75 A. (2d), 444; *Moresco* v. *Foppiano,* 7 Cal. (2d), 242, 60 P. (2d), 430; *Davis* v. *Strobridge,* 44 Mich., 157, 6 N. W., 205.

We therefore determine that where, as under the circumstances of this case, a purchaser elects to sue, for breach of contract, a vendor who has repudiated his contract, the measure of damages which such purchaser is entitled to recover, in such suit for breach of contract, is the difference between the amount due on the contract at the time of the repudiation by the vendor, and the value of the land at the time when the repudiation occurred.

The judgment rendered on the special verdict by the trial court should have been the difference between $6,850, the purchase price, and $6,380.20, the amount due at the time of breach, which amount is $469.80. This court will therefore modify the judgment entered in the trial court by substituting the sum of

$469.80, for the sum of $652, and, as so modified, we affirm the judgment.

*Judgment modified, and affirmed as modified.*

STEVENS, P. J., and DOYLE, J., concur.