342

MCCULLOUGH ET, PLAINTIFFS, *v.* D. WALDENMEYER, INC., DEFENDANT.

Common Pleas Court, Tuscarawas County.

No. 35119.   Decided August 18, 1961.

*Mr. Mario D. Corsi,* for plaintiff.
*Mr. C. P. Hoffman,* for defendant.

LAMNECK, J. In this action, the plaintiffs sought to recover the sum of $4265.00 in damages from the defendant for the alleged failure of the defendant to complete the terms of a contract for the purchase of real estate in which a dwelling was to be constructed by the defendant. The contract is dated May 16, 1960. The purchase price was $18,585.00. The plaintiffs made a down payment of $1585.00 and claimed that the balance was to be financed by a low interest rate mortgage loan of $17,000 to be insured by the Federal Housing Administration, which the defendant agreed to procure.

The dwelling was constructed, but such a loan was not obtained by the defendant and the defendant conveyed the property to a third party.

The plaintiffs claimed the defendant rescinded the contract and therefore brought this action for damages.

In due course, the issue was tried to a jury which returned a verdict in favor of the plaintiffs for $2650.00.

This matter is now before the court on a motion for a new trial, or in the alternative for a remittitur on the principal ground that there was no evidence introduced by the plaintiff to support a verdict in excess of a total of $1930.00.

Evidence was introduced by the Plaintiffs showing a down payment of $1585.00, interest on the down payment of $110.00, installation of a telephone $15.00, and loss of bargain of $215.00 with interest thereon from the time of the breach amounting to approximately $10.00. These items make a total of $1935.00 or $715.00 less than the amount of the verdict.

There was no other evidence introduced showing the actual value of any other damage sustained by the plaintiffs.

On the question of damages, the Court instructed the Jury in part as follows:

"If you should find by a preponderance of the evidence that the defendant breached the alleged contract on which this action is based, as claimed by the plaintiffs, and the plaintiffs themselves are not in default, the plaintiffs are entitled to recover: (1) The down payment of $1585.00 paid by the plaintiffs to the defendant, which the defendant admits has been paid, with interest at the rate of 6% from the time of payment to the present time; plus any damages, if any, which arose naturally and proximately from the breach of the contract and such as

the parties to the contract at the time it was made must have reasonably contemplated as a probable result of the breach.

"If you should find by a preponderance of the evidence that the plaintiffs were not in default and the defendant refused or neglected to perform when able to, or if it knew it could not perform at the time of the execution of the contract, or where it disables itself from performing, such as conveying to a third person, the plaintiffs are also entitled to recover the loss, if any, of their bargain.

"The measure of damages for the loss of a bargain is the difference between the contract price and the fair market value of the property at the time of the breach, with interest at the rate of 6% from the time of the breach."

In *McCarty* v. *Lingham*, 111 Ohio St., 551, 146 N. E., 64, it was held that where a vendor breaches a contract to convey real estate, the measure of damages is the difference between the market value of the property at the time the conveyance should have been made, and the sale price stated in the contract.

It was also held in *Sprouse* v. *Buchanan*, 105 Ohio App., 43, 151 N. E. (2d), 42, that a vendor who has repudiated his contract for the sale of land, the measure of damages which the purchaser is entitled to recover is the difference between the amount due on the contract at the time of the repudiation by the vendor and the value of the land at the time when the repudiation occurred.

In Corpus Juris Secundum at page 645, Section 592, the rule concerning the measure of damages where a vendor has breached a contract to convey real estate is stated as follows:—

"Where the vendor acts in bad faith or in wilful disregard of the contract in failing or refusing to convey, the purchaser's recovery is not limited to the purchase money paid, with interest and expenses, but he is also entitled to compensation for the loss of his bargain."

In Section 593 at page 647, the same volume, it is stated that "the measure of damages is based on the actual injury which the purchaser has sustained by vendor's breach of the contract, together with the return of the purchase price paid, with interest, under same circumstances the purchaser is also entitled to special damages."

The court is of the opinion that the jury was correctly in-

structed as to the measure of damages under the evidence presented in this case, and that the jury had proper evidence on which it could return a verdict for the down payment with interest from the date of payment, expense of installing a telephone and loss of bargain with interest thereon from the date of the breach.

The question then remains whether there was any evidence introduced showing other damages without a specific value being placed thereon, which arose naturally and proximately from the breach of the contract and such as the parties to the contract at the time it was made must reasonably have contemplated as a probable result of the breach.

There is authority holding that where a contract has been breached, an allowance may be made for damages for time spent by the aggrieved party in carrying out the provisions of the contract if there is evidence on what was done by the aggrieved party and the amount of time involved, even though there is no specific evidence as to the value of the time spent or service rendered. See *Realty Co.* v. *Stonehill*, 19 O. C. C. (n. s.) 403.

Evidence was introduced in this case showing that after the execution of the contract and before the breach, that one or both of the plaintiffs had a number of conferences with the President of the Defendant Company concerning (1) alternates to be used and additions to be considered in construction of the dwelling, (2) modification of plans, (3) the securing, preparing and signing of documents to procure a Federal Housing secured loan, and (4) other questions involved in securing a loan of $17,000.00.

In *McClymonds* v. *Kangesser Co.*, 14 Ohio Law Abs., 227, it is stated in the fourth proposition of the syllabus:

"A vendee of real property who has elected to rescind the contract for breach of the vendor's agreement may recover for the time spent and expense which he has lost and incurred, including work done on the property before rescission."

In *Webster* v. *Beau*, 77 Wash., 444, 137 Pac., 1013, 51 L. R. A. (n. s.), 81, 15 Amer. Jur., 444, it was held that where a contract is breached, the injured party is entitled to recover such losses as he actually sustained in the way of expenses in

performing his part of the agreement and for the loss of time while so engaged.

The court is therefore of the opinion that the jury could award a reasonable amount to the plaintiffs for the loss of time they spent in performing their part of the agreement, even though there is no specific evidence as to the value of such time or service.

However, the Court feels that an award of approximately $715.00 for such time under the evidence submitted is excessive, and it is the court's opinion that $315.00 would be a liberal allowance for this particular part of the plaintiff's damages.

It is also the opinion of the court that the verdict rendered by the jury was not due to passion or prejudice.

It will therefore be ordered that if the plaintiff will accept a remittitur in the sum of $400.00, the defendant's motion for a new trial will be overruled. If not accepted, said motion will be granted on the ground that the amount of the verdict is against the manifest weight of the evidence.